Albert F. JORDAN, Superintendent of Insurance for the District of Columbia, Appellant,

v.

UNITED INSURANCE COMPANY OF AMERICA, a corporation, Appellee.

No. 15994.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 8, 1961.

Dated March 30, 1961.

Mr. Milton D. Korman, Principal Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Hubert B. Pair and H. Thomas Sisk, Asst. Corp. Counsel, were on the brief, for appellant.

Mr. Harry L. Brown, Washington, D. C., with whom Messrs. Fred W. Peel, George E. Allen, Washington, D. C., and Edward B. McGuinn, Chicago, Ill., were on the brief, for appellee. Mr. John J. Schlick, Washington, D. C., also entered an appearance for appellee.

Before MR. JUSTICE BURTON, retired,[*] and DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a judgment of the District Court rendered in favor of appellee (hereinafter called plaintiff), setting aside a ruling of appellant, Superintendent of Insurance of the District of Columbia (hereinafter called defendant), which denied renewal of plaintiff's certificate of authority to operate as an insurance company in the District of Columbia for the license year which began May 1, 1959, and directing the defendant to issue to plaintiff a certificate of authority for that license year, in accordance with § 35–404 D.C.Code (1951; Supp. VIII, 1960).[1]

The amended complaint herein alleged, among other things:

"[That] plaintiff is a corporation, organized under the laws of the State of Illinois, which is engaged in the business of life, health, and accident insurance in the State of Illinois, the District of Columbia, and other places.

"[That] defendant duly issued to the plaintiff a certificate of authority under section 35–404 of the District of Columbia Code (1951 edition, as amended) to operate as an insurance company in the District of Columbia for more than ten consecutive license years immediately preceding the license year which began May 1, 1959. Plaintiff filed a timely application, in proper form, for renewal of its certificate of authority for the license year which began May 1, 1959. On April 17, 1959, defendant addressed a letter to plaintiff[2] in which he stated that, in view of having found substantial evidence of five charges enumerated therein, he would not renew plaintiff's certificate of authority for the license year

---

[*] Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.C.

1. In pertinent part § 35–404 reads: "It shall be the duty of the Superintendent to issue a certificate of authority to a company when it shall have complied with the requirements of the laws of the District so as to be entitled to do business therein. *The Superintendent may, however, satisfy himself by such investigation as he may deem proper or necessary that such company is duly qualified* under the laws of the District to transact business therein, and may refuse to issue or renew any such certificate * * * if the issuance or renewal of such certificate would adversely affect the public interest. * * *" (Emphasis supplied.)

2. This letter contained the statement that the defendant would, if the plaintiff promptly requested it, hold a hearing in his office to afford plaintiff an opportunity to present whatever sworn testimony and documentary evidence it might have in support of the application for renewal of the certificate of authority.

beginning May 1, 1959, until he was satisfied with respect to such charges."

It further appears from the amended complaint that a hearing was requested and was held on the five charges contained in defendant's letter of April 17. On August 11, 1959, defendant addressed a letter to plaintiff in which he stated that he declined to issue the renewal of plaintiff's certificate of authority for the license year beginning May 1, 1959, basing his refusal on the charges contained in the original letter of April 17.

The amended complaint then avers that the charges contained in defendant's letter of April 17 were not supported by the evidence and testimony adduced at the hearing; that none of the charges provided a valid basis for defendant's refusal to renew the certificate of authority; and that defendant's refusal to renew the certificate of authority was unreasonable, discriminatory, arbitrary, capricious and violative of due process.

Plaintiff filed a motion for preliminary injunction. Defendant, in turn, filed a motion to dismiss the complaint or, in the alternative, for summary judgment. The District Court denied defendant's motion, issued a preliminary injunction, and directed a trial *de novo*.

Thereupon, defendant filed an answer to the amended complaint and admitted that plaintiff had a right to appeal to the United States District Court for the District of Columbia pursuant to § 35–427 D.C.Code,[3] (a position which defendant, on this appeal, now denies). The answer denied that the action of defendant was arbitrary and capricious.

The case thereupon proceeded to a trial *de novo* in the District Court, at which witnesses were called and the administrative record offered in evidence. At the conclusion of the case, the court entered extensive and full findings of fact and conclusions of law, finding, among other things, that failure to renew plaintiff's certificate of authority "would have a substantial adverse effect upon the holders of approximately 75,000 policies of insurance and would destroy a substantial going business built up over a fifteen-year period."

The court further held that the burden was upon plaintiff to establish by a preponderance of the evidence its claim that defendant's refusal to renew the certificate of authority was arbitrary and capricious in that the findings upon which defendant based his refusal were not supported by substantial evidence or did not afford a proper basis for the determination reached by defendant; that the evidence adduced at the trial *de novo* did preponderate in favor of plaintiff; and that:

"There was no substantial evidence before the defendant justifying his conclusion that he was not satisfied that plaintiff is qualified under the laws of the District of Columbia so as to do business therein, or his conclusion that he was not satisfied that plaintiff is worthy of public confidence.

"Defendant's charges against plaintiff do not describe a basis, under section 35–404, District of Columbia Code, 1951 Edition, as amended, for the refusal to renew plaintiff's certificate of authority to operate in the District of Columbia.

"The insurance business is imbued with a public interest. The plaintiff did not use its certificates of authority heretofore issued to it in a manner contrary to the public interest or contrary to law.

"On the basis of the evidence adduced before it, the Court concludes that the plaintiff is qualified under the laws of the District of Columbia so as to do business therein and that plaintiff is worthy of public confidence.

"Renewal of plaintiff's certificate of authority to operate in the District of Columbia would not adverse-

3. In the view we take of this case, we need not reach the question of the applicability of § 35–427. See infra, Part III of this opinion.

ly affect the public interest; failure to renew it would have an adverse effect on the public interest.

"Plaintiff is entitled to the renewal of its certificate of authority to operate in the District of Columbia."

Judgment was accordingly entered for plaintiff as above stated, and this appeal followed.

I

We are here concerned with a narrow question of law, whether the trial *de novo* held in the District Court was proper or whether that court should have confined itself to review of the administrative record under the substantial evidence rule. Counsel for defendant concedes that if the trial *de novo* was proper, the action ultimately taken by the District Court was also proper.

 We begin with the basic proposition that once a going business has been established on the basis of a license or certificate of authority, property rights attach. This means that such license or certificate may not be revoked, nor may renewal be denied, without procedural and substantive due process of law. In re Carter, 89 U.S.App.D.C. 310, 192 F.2d 15, certiorari denied, 1951, 342 U.S. 862, 72 S.Ct. 89, 96 L.Ed. 648, and Judge Miller's concurring opinion, 89 U.S.App. D.C. at page 320, 192 F.2d at page 25; In re Carter, 85 U.S.App.D.C. 229, 177 F.2d 75, certiorari denied, 1949, 338 U.S. 900, 70 S.Ct. 250, 94 L.Ed. 554; Minkoff v. Payne, 1953, 93 U.S.App.D.C. 123, 210 F.2d 689; Columbia Auto Loan v. Jordan, 1952, 90 U.S.App.D.C. 222, 196 F. 2d 568; Jordan v. American Eagle Fire Ins. Co., 1948, 83 U.S.App.D.C. 192, 169 F.2d 281.

II

Defendant contends that the hearing conducted in response to plaintiff's request after receipt of the letter of April 17 satisfied at least the minimum requirements of due process and plaintiff, having received a due process hearing, was not entitled to a second hearing on the merits before the District Court. Therefore, defendant contends, the District Court had no jurisdiction to determine more than whether defendant acted arbitrarily or capriciously and whether substantial evidence on the administrative record supported defendant's conclusions. We agree with defendant that plaintiff is not entitled to two due process hearings. But the problem of this case lies in determining where, under the applicable statutes, the one hearing to which plaintiff was entitled should properly have been held.

By its express terms, § 35–404 does not require that a hearing be conducted, but speaks only of an investigation. The initial stages of the investigation which defendant conducted were *ex parte*. In American Eagle, supra, in discussing another section of the Code, we said:

"There is no reason to take the term 'investigation' at other than its face value. A quasi-judicial hearing, at which opposing parties present their claims and evidence and have their controversies determined, is not an 'investigation', and a requirement that there be an investigation carries with it no command that a quasi-judicial hearing be conducted." 83 U.S.App.D.C. at page 196, 169 F.2d at page 285.

We then noted with emphasis § 35–1340, which expressly requires the Superintendent of Insurance to conduct an investigation to determine whether or not to revoke a license, and to afford the licensee a hearing if it were determined, after investigation, that the license should be revoked.

 We also noted, in American Eagle, that no express power was granted the Superintendent to do many of the things which are included in a quasi-judicial hearing by definition, such as administering oaths and subpoenaing witnesses and documents. We further noted that the Superintendent was not required to make findings of fact and conclusions of law, nor was a record of the proceeding required. Those observations are equally pertinent here. While the Superintendent does have subpoena power and the power to administer oaths in some

instances, those powers are given him in connection with examinations of companies and not with investigations under § 35–404. Defendant himself recognizes this. At the proceeding which he conducted, when asked by counsel for plaintiff to subpoena certain witnesses, he stated that he did not have subpoena power in a § 35–404 proceeding. Although we did say, in American Eagle, that the duty to conduct a hearing, together with all the necessary powers, would be implied in certain instances, we indicated that we would be very reluctant to make such an implication and would do so only when faced with no other satisfactory alternative. If such a hearing is the only way in which plaintiff can receive due process, then we will draw the implications necessary to save the constitutionality of the statute. But, if there is some other manner in which due process can be achieved, we will not ascribe such broad implications to the intention of Congress.

Defendant argues that three prior decisions of this court, the two Carter cases and the Minkoff case, supra, require the administrator to hold a due process hearing before refusing to renew a license or certificate of authority. We think, however, that none of these cases is in point. The Carter cases dealt with administrative action by the District Court and held only that due process was required. The requirement of an administrative hearing in Minkoff stemmed from an applicable statutory provision making findings of fact by the administrator final. That statutory provision was held inconsistent with a trial de novo and totally consistent with the substantial evidence rule. There is no such provision applicable to § 35–404 proceedings.

## III

We turn now to the jurisdiction of the District Court to conduct a trial *de novo* in the absence of express statutory authorization.[4] In such a case, jurisdiction, if any, must be derived from the powers of the court as a court of general jurisdiction. Whatever equity jurisdiction the District Court does possess in such a matter was properly invoked by the plaintiff's prayer for injunctive relief.

Jurisdiction of courts of general jurisdiction to review administrative action in the absence of specific statutory provision for judicial review is a novel question in this jurisdiction. Counsel cite no decisions of this court squarely on point, and we have found none. The question has been reached, however, by the Supreme Court in cases dealing with review of Federal administrative agency decisions by Federal courts. Thus, in Estep v. United States, 1945, 327 U.S. 114, 120, 66 S.Ct. 423, 426, 90 L.Ed. 567, the Supreme Court said:

"[S]ilence * * * as to judicial review is not necessarily to be construed as a denial of the power of the federal courts to grant relief *in the exercise of the general jurisdiction* which Congress has conferred upon them. * * *" [Emphasis supplied.]

Similarly, in Stark v. Wickard, 1943, 321 U.S. 288, 309, 64 S.Ct. 559, 571, 88 L.Ed. 733, the Supreme Court said:

"[T]he silence of Congress as to judicial review is * * * not to be construed as a denial of authority to the aggrieved person to seek appropriate relief in the federal courts *in the exercise of their general ju-*

4. For present purposes we assume, without so deciding, that defendant correctly contends that § 35–427 is not applicable to a proceeding under § 35–404 because an insurance company is not one of the parties enumerated in the former section, which directs that:

"[T]he superintendent shall be designated as defendant and the general agent, agent, solicitor, or broker or applicant as plaintiff, and the said cause shall be * * * tried as an equity case."

Once this assumption is made, there is no express provision in the D.C.Code for judicial review of action taken by the Superintendent of Insurance under § 35–404.

*risdiction.* \* \* \* " [Emphasis supplied.]

Our understanding of defendant's position is that he does not deny the general jurisdiction of the District Court to review the action here in question, even without specific statutory authorization, but that he does deny the jurisdiction of that court to conduct a trial *de novo* in the exercise of its general jurisdiction. However, in two cases involving administrative action with no specific provision for review, the federal trial courts were directed by the Supreme Court to conduct trials *de novo*.

Ng Fung Ho v. White, 1921, 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938, involved deportation ordered by an executive officer under a statute which placed in that officer the entire determination of its applicability. Nevertheless, the Supreme Court directed the federal trial court to conduct a hearing on the merits to determine the validity of petitioner's claim to United States citizenship.

American School of Magnetic Healing v. McAnnulty, 1902, 187 U.S. 94, 23 S.Ct. 33, 47 L.Ed. 90, involved a suit for injunctive relief from a fraud order issued by the Postmaster General after an administrative hearing. The Supreme Court directed the federal trial court to grant a preliminary injunction and to hold a trial on the merits.

Since the District Judge here held that plaintiff had met the burden of proof, we need not consider whether that burden was correctly applied.

■ We think that the analogy of the United States District Court for the District of Columbia, as a local court of general jurisdiction and a District of Columbia administrative agency, to a federal court of general jurisdiction and a federal administrative agency, is an apt one and that the same legal principles apply. It therefore follows that a local court of general jurisdiction does have jurisdiction, without express statutory authorization, to review administrative action by trial *de novo*.

## IV

The final question is whether a trial *de novo* in the District Court can satisfy due process, or whether a hearing must be held on the administrative level in all cases in which due process must be afforded.

In American Eagle, supra, we held that the due process hearing need not precede the administrative decision and that it was sufficient if, somewhere in the administrative-judicial process, due process were afforded. We did note that a federal court, reviewing state administrative action, could not afford due process but could only ascertain whether the requirements of due process had already been met. However, in this case, the District Court was sitting in its capacity as a local court. Both the American Eagle and Columbia Auto Loan cases, supra, hold that due process can be satisfied in a judicial proceeding conducted subsequent to the administrative action involved. It therefore follows that the trial *de novo* in the District Court is sufficient to afford due process and was properly conducted pursuant to the general jurisdiction of that court.

■■ Since there is an alternative to implying the vast array of powers and duties necessary to permit defendant to satisfy the requirements of due process in a § 35–404 proceeding which does not result in a challenge to the constitutionality of § 35–404, we hold that the District Court properly interpreted the applicable statutes and properly conducted the trial *de novo*. The grant of a hearing by defendant was gratuitous, and the defendant, by his unilateral action, could not change the law applicable and deprive plaintiff of his right to a hearing before the proper tribunal.

The judgment of the District Court is therefore

Affirmed.