Albert F. JORDAN, Superintendent of Insurance of the District of Columbia, Appellant,

v.

Joseph SILVERMAN, Appellee.

No. 16162.

United States Court of Appeals
District of Columbia Circuit.

Argued May 3, 1961.

Decided June 29, 1961.

Mr. Hubert B. Pair, Asst. Corp. Counsel for District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

Mr. F. Joseph Donohue, Washington, D. C., for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

Appellant is the Superintendent of Insurance for the District of Columbia. Becoming understandably concerned about the character and qualification of certain licensed solictors of the Franklin Life Insurance Company in the District of Columbia, the Superintendent initiated an inquiry into the trustworthiness of the Company's general agent, the appellee Silverman, who had recommended the solicitors for licenses. Appellee's own license as general agent had been renewed from year to year, since first issued in 1945, until it came up for renewal on April 30, 1959. Shortly prior to that date the Superintendent had given notice to the Franklin Company, with copy to appellee, of charges against appellee and of a hearing to be held thereon. In the notice the Superintendent advised that he would not renew appellee's license until he was satisfied that he was competent and trustworthy. A hearing was held thereafter, and no question is raised before us as to its adequacy.

Upon the basis of the hearing the Superintendent ruled that appellee was

untrustworthy and denied his application for renewal.[1] Within the time provided in 35 D.C.Code § 427 (1951) for appeal to the District Court after revocation or suspension of a license or refusal of the Superintendent to grant a license, appellee filed his suit in the District Court appealing from the action of the Superintendent. Under section 427 the appeal in the District Court is tried as a case in equity. Such a trial was conducted. The court thereupon made findings of fact and concluded therefrom that appellee by a preponderance of the evidence had established his claim that the Superintendent's refusal to renew the license was arbitrary and capricious in that the Superintendent's findings on which he based the refusal were not supported by substantial evidence or did not establish a proper basis for the determination reached. The court further concluded that appellee was qualified and trustworthy within the meaning of the statute, and entitled to renewal of his license. The court entered an order that the denial of renewal for the year which began May 1, 1959, be set aside and that appellant Superintendent issue to appellee a license for that year.

The reason the Superintendent decided he was not satisfied as to the trustworthiness of appellee to act as General Agent was that he found appellee had appointed and caused the Department of Insurance to license a number of persons as solicitors who, upon subsequent investigation, appeared not to be worthy of being licensed, that others appeared to have falsely stated under oath in their applications that exclusive of minor traffic violations they had not been charged, convicted or arrested of any offense against the laws of the District of Columbia or of any other jurisdiction, and that appellee had also certified, incorrectly in some instances according to the Superintendent, that he had investigated the applicants, that they were personally known to him, and that he had satisfied himself of their trustworthiness and qualifications to act in the capacity in which they sought to be licensed. Seventeen solicitors in all were the subject of the questioned licenses.[2]

In the District Court the appellee explained in some detail his public activities as a citizen, his long experience, his method of performing his duties, the absence of any complaint by any member of the public regarding his conduct of his insurance business, in which in one way or another he had been engaged since 1932, except for three years, and the absence of complaint by anyone for whom he had written insurance. He analyzed the instances about which the Superintendent complained, which involved seventeen persons out of some five hundred whom he had recommended for appointment over the years. A number of character witnesses also testified on behalf of appellee.

Upon the basis of all the evidence, including appellee's analysis of the instances relied upon by the Superintendent, the court, as we have said, concluded the Superintendent's action should not be sustained.

The Superintendent's contention in the main is that the conclusion of the District Court is in derogation of the Superintendent's statutory responsibility. It is true the Superintendent has the first decision, and it must be given

1. Section 35–425 of the District of Columbia Code provides, inter alia, that the Superintendent shall be

"[R]easonably satisfied that the applicant is a trustworthy person * * *. Every license issued under this section shall expire annually on the 30th day of April next after its issue unless prior thereto it is revoked or suspended by the Superintendent of Insurance or the authority of the general agent, agent, or

solicitor to act for the company is terminated."

35 D.C.Code § 426 (1951), as amended (Supp. VIII 1960), also appears pertinent, though not expressly relied on here.

2. When the case was heard before the District Court in June 1960 none of the seventeen were then licensed. Their licenses had either been revoked or not renewed or their contracts with the company cancelled.

weight because of the Superintendent's special position in the congressional regulatory plan. Equally true, however, his decision is not conclusive, for an appeal to the District Court "in equity" is provided. There is accordingly no departure from the overall plan, or inroad upon the authority of the Superintendent, for the District Court to exercise its appellate responsibility, which necessarily includes power to reverse the action of the Superintendent. The District Court did so in this case on the basis of a factual record which supports its findings, which in turn support its conclusion that the failure of the Superintendent to renew the license should not be sustained. We need not concur in characterizing the action of the Superintendent as "arbitrary and capricious," nor need we in this case lay down a precise standard for review by the District Court in the first instance, then by this court of the action of the District Court—though we note that, in addition to the appeal to the District Court being "in equity," the appeal from the District Court to this court shall be "as in other equity cases." See section 35–427. Suffice it to say that the evidence as a whole, combined of the administrative record and that additionally adduced before the District Court, supports the court's conclusion, after according due deference to the contrary conclusion of the Superintendent. In so holding we imply no criticism of the Superintendent in his efforts to create a greater responsibility on the part of general agents with respect to their subordinate solicitors, and we have no doubt

his good faith efforts in this case will have that result.

Affirmed.[3]

DANAHER, Circuit Judge (concurring in the result).

I quite agree that we should not reverse the District Court's order insofar as it set aside a ruling by the Superintendent of Insurance refusing to grant to Silverman a license as a life insurance general agent. I concur in the treatment of the factual background for that conclusion. I wish only to expand and be more specific with reference to my colleagues' treatment of the procedural problem as it seems to appear on this record.

It is fundamental that an insurance agent's license, once issued and acted upon, may not be suspended or revoked without procedural and substantive due process of law. Jordan v. United Insurance Co. of America, 110 U.S.App. D.C. 112, 289 F.2d 778.[1]

Congress has provided the basis upon which due process shall be accorded to one charged on any of various grounds, including specifically, as here, a charge that one has "shown himself untrustworthy or incompetent to act as a life insurance general agent." D.C.Code, § 35–426 (Supp. VIII 1960). The Superintendent is to make an investigation. He shall provide an opportunity for the general agent to be fully heard and to present evidence in his own behalf. The Superintendent at "any hearing provided by this section" shall have authority to administer oaths to witnesses. The general agent may appeal within thirty days

3. The order of the District Court should be modified so as to substitute sections 425 and 427 of the Code for the reference, no doubt inadvertently, to section 35–404.

We recognize that affirmance at this date of a decision favorable to appellee respecting a license for May 1, 1959 to April 30, 1960, is somewhat anomalous. The parties make no point of this, and, in any event, the effect of the decision is a ruling that appellee may not be denied a

license by reason of any matters involved in these proceedings.

1. That principle has likewise been deemed to apply to the Superintendent's refusal to renew under D.C.Code, § 35–1340 (1951). Columbia Auto Loan v. Jordan, 1952, 90 U.S.App.D.C. 222, 196 F. 2d 568; cf. Atlantic Insurance Agency v. Jordan, 1955, 97 U.S.App.D.C. 184, 229 F.2d 758, which gave rise to the 1958 amendments, note 2 infra.

after "the revocation or suspension of license or the refusal of the Superintendent to grant a license." [2] Thereafter, pursuant to D.C.Code § 35–427 (1951), the general agent may seek review in the District Court.

Thus is the general agent to be afforded his rights. On the other hand, D.C. Code, § 35–425 (1951) makes no provision for a hearing, or for the swearing of witnesses or other requirements for the making of a record.[3] The section deals generally with the requirements for the original issuance of a license, which, once issued, is renewable from year to year unless earlier "revoked or suspended"[4] by the Superintendent, or unless the company shall terminate the authority of its general agent. The Superintendent testified that licenses are renewed automatically unless he rules otherwise in a given case. For nearly 15 years, Silverman's license was automatically so renewed, not on his application, but upon the representations of his principal, the life insurance company.

The Superintendent notified the company under date of April 15, 1959, that if "you reappoint him, I will set the matter down for a formal hearing at which a record will be made of sworn testimony and documentary evidence." [5]

Silverman did not then seek equitable relief to protect his status, although his complaint, much later filed, contained appropriate allegations to raise an issue as to automatic renewal of his license, as in previous years. He did not in time ask the court, *pendente lite*, to prevent a "contrary ruling by the Superintendent" before the expiration date of the license and before he could be given the hearing provided for in section 426.[6] Instead, he let the license year expire, and then filed a new application dated June 15, 1959. Thereafter the hearing was noticed to commence on July 14, 1959 at which Silverman was to be permitted to appear and show cause why a general agent's license should be issued.

So it was that Silverman's appeal under section 427 was related to "the refusal of the Superintendent to grant a license," as provided in section 426, and in that posture the District Court action went forward.

I have noted my views that the record may show my understanding of the procedural aspects by which the statutory scheme is to be and here was given effect.[7]

---

2. The District Commissioners approved the amendments sought in S. 1040, 85th Cong., 1st Sess. for the express purpose of bringing related sections of the Life Insurance Act into conformity with corresponding sections applicable to the business of fire and casualty insurance. See P.L. 85–334, 72 Stat. 19 (1958). And see S.Rep.No.1110, 85th Cong., 1st Sess. (1957).

3. Cf. Jordan v. American Eagle Fire Ins. Co., 1948, 83 U.S.App.D.C. 192, 198, 169 F.2d 281, 287.

4. With proceedings as to suspension or revocation pursuant to § 426 as noted, supra.

5. He could so have acted only pursuant to § 426 supra.

6. Compare D.C.Code, § 35–1339 (Supp. VIII 1960) expressly providing a ten day period within which an applicant may seek a stay in court of the Superintendent's refusal to renew.

7. The joint appendix (291) contains an earlier notice to show cause correctly issued pursuant to "Sec. 35–426," as it states, and which is otherwise entirely compatible with the statutory plan.