JOSEPH E. SEAGRAM & SONS, INC., d/b/a Calvert Distilling Co., Appellant

v.

Honorable Douglas DILLON et al., Appellees.

No. 18465.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 19, 1964.

Decided Jan. 21, 1965.

Petition for Rehearing En Banc and Petition for Rehearing before the Division Denied April 12, 1965.

---

Mr. Edmund L. Jones, Washington, D. C., with whom Messrs. C. Frank Reifsnyder and John J. Ross, Washington, D. C., were on the brief, for appellant.

Mr. Gil Zimmerman, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., and Mr. Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee Dillon and certain other appellees.

Mr. Frank H. Strickler, Washington, D. C., with whom Messrs. John D. McElroy, Wm. Montgomery Smith, and Robert F. Sagle, Washington, D. C., were on the brief, for appellee National Distillers and Chemical Corporation and others.

Mr. George R. Beneman, Washington, D. C., also entered an appearance for appellee National Distillers and Chemical Corp. and others.

Before EDGERTON and PRETTYMAN, Senior Circuit Judges, and BURGER, Circuit Judge.

PER CURIAM.

This case arises under the Federal Alcohol Administration Act. Seagram submitted to the Secretary of the Treasury for his approval a proposed label for a new blended whiskey. The Secretary rejected it, saying that certain language on the label was in violation of the Act and a Regulation. Seagram brought a civil action in the District Court to compel approval. The court dismissed. This appeal followed.

The label said the neutral spirits in the blend had been stored for more than four years in used cooperage which had contained fine whiskeys. The Regula-

tion[1] said that statements as to the age of neutral spirits tend to mislead and therefore must not appear on a label. The provision rested on the thesis of chemists that neutral spirits do not improve with age. The Act[2] authorized the Secretary to issue such regulations "(1) as will prohibit deception of the consumer with respect to such products * * and as will prohibit, irrespective of falsity, such statements relating to age, manufacturing processes * * * as the Secretary of the Treasury finds to be likely to mislead the consumer; (2) as will provide the consumer with adequate information as to the identity and quality of the products * * *.''

■ Seagram submitted to the Secretary its label attached to a Treasury form, and submitted nothing else. The statute does not provide for a hearing on label applications, and no hearing was held.[3] The statute provides that a federal District Court "shall have jurisdiction of suits to enjoin, annul, or suspend" the action of the Secretary upon one of these label applications.[4]

In the District Court Seagram asserted that it had spent years of effort and large amounts of money in producing, by special distillation and storage, neutral spirits which are in fact substantially and demonstrably different from other neutral spirits; that this special storage does in fact improve the aroma, taste, quality, and other characteristics of the spirits; and that the statement on its label is true and does not mislead. It offered affidavits to prove these asser-tions. This evidence had not been proffered to the Secretary. Thus the court was faced with a prayer to annul an administrative action on evidence which had not been presented to the administrator. The District Court rejected the proffered affidavits, granted the Secretary's motion for summary judgment, and dismissed the complaint.

■■ The doctrine here involved has been sloganized into the phrase "exhaustion of administrative remedies". In that process it has been drained of much of its meaning and has at the same time accumulated encrusting connotations. The doctrine requires resort to established procedural devices, but it also encompasses the principle that a ruling of an administrative officer, made within his statutory authority, will not be set aside by a court upon evidence which was not before that officer. The cases[5] usually concern legal contentions and phrase the principle in terms of "issues". But a legal point can hardly be said to be presented if the facts upon which it is premised are not presented. So the doctrine clearly embraces the necessity for presenting critical facts. The reasons for the doctrine are easy to discern and need not be elaborated here. It follows that the action of the District Court was correct and must be affirmed.

■■ But the situation poses a problem in administrative procedure. The Secretary had a right to examine the evidence which was said to show he was in error. Seagram had a right to present somewhere sometime the evidence

1. 27 C.F.R. § 5.39(d) and (e) (5).

2. Sec. 5(e), 49 STAT. 982 (1935), amended, 49 STAT. 1965 (1936), 27 U.S.C. § 205(e).

3. Under the Administrative Procedure Act the process of issuing a certificate of label approval is a "licensing" procedure. 5 U.S.C. § 1001(e). The denial of the certificate of label approval is an "order", and the formulation of an "order" is an "adjudication". 5 U.S.C. § 1001 (d). However, because the Federal Alcohol Administration Act does not provide that the approval of a label is "to be determined on the record after opportunity for an agency hearing", the sections of the Administrative Procedure Act providing for a hearing and the making of a record are not applicable. 5 U. S.C. §§ 1004, 1006, 1007.

4. Note 2, *supra.*

5. *E.g.*, Unemployment Compensation Comm. v. Aragon, 329 U.S. 143, 154-155, 67 S.Ct. 245, 91 L.Ed. 136 (1946); United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 36-37, 73 S.Ct. 67, 97 L.Ed. 54 (1952). See 3 DAVIS, ADMINISTRATIVE LAW § 20.06 (1958).

which it said established that its label should be approved. Neither the statute nor the Regulations expressly provide for a hearing before the Secretary.[6] So Seagram had no established procedural remedy available in the agency. The statute contains no specifications as to the premises for judicial consideration, the scope of the judicial action, or the judicial procedure. It provides simply that the District Court shall have jurisdiction to enjoin, etc. We think basic doctrine must control here. In this area of the law many situations have arisen in which the courts must fashion procedural steps to meet the requirements of justice and basic principles.[7] We think we must do so here. It seems to us that a proffer to the Secretary of evidence material to an issue posed by an application for a label, such proffer being with the original application or with a petition for reconsideration by the Secretary, is a practical way to meet the difficulty. We authorize it here. Of course a bare proffer, without more, would not produce what is normally called a "record". But such a proffer would supply the basic need of the Secretary to know what is being alleged, and an ensuing civil action in court—a so-called "*de novo*" proceeding—would furnish opportunity for proof or disproof of the factual allegations and meet the requirements for a fair and just disposition of the claims and counterclaims.[8]

Considerable confusion has crept into this controversy by way of discussion of the rule-making by which the Regulation was promulgated, the power of rule-making, the scope of the rule promulgated, and such matters. Appellees say that statements submitted to the Secretary at various times opposing amendment of the Regulation compose a record to which the review by the District Court is limited. But the Act does not require that this Regulation be made "on the record", and the Regulation was not derived from findings based upon evidence in a record.[9] It may or may not be that under the doctrine of such cases as *Columbia Broadcasting* [10] a civil action would lie to review and set aside the Regulation as such; and it may or may not be that the statements submitted in the course of hearings called to consider possible amendments to the Regulation would be held to compose a "record" for review purposes. But we do not have such a case. The target of Seagram's complaint is the Secretary's refusal to approve a specific label. This is the core of the controversy. Seagram does not attack the Regulation in *vacuo* or *pro bono publico*. It says its label should be approved. It proffers facts and then a series of legal contentions, in the course of which it reaches the argument that if the Regulation means its label may be rejected the Regulation is invalid. This is the normal course of such disputes. The point upon which the proceeding devolves is the approval *vel non* of this label.

The judgment of the District Court is affirmed without prejudice to the right of Seagram to resubmit its label to the Secretary with a proffer of the evidence which it deems sufficient to establish the facts requiring or justifying approval of the label. The present judgment shall not be deemed to be a bar to a civil action brought under the statute to en-

---

6. See note 3, *supra*.

7. See 3 DAVIS, ADMINISTRATIVE LAW § 20.06 (1958).

8. Jordan v. United Insurance Company of America, 110 U.S.App.D.C. 112, 289 F.2d 778 (D.C.Cir.1961); Jordan v. American Eagle Fire Ins. Co., 83 U.S. App.D.C. 192, 169 F.2d 281 (D.C.Cir. 1948).

9. Because the Act does not provide that the Regulation shall be "made on the record", the sections of the Administrative Procedure Act which provide for the making of a record do not apply. 5 U.S.C. §§ 1003(b), 1006, 1007.

10. Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942).

join, annul or suspend any action of the Secretary taken thereafter upon the label as resubmitted.[11]

Affirmed without prejudice.

Fahy, Circuit Judge, dissented.

11. We do not consider whether the Secretary's power to promulgate regulations encompasses the power to "overprotect". In other words, we do not reach the question whether, or in what circumstances, a regulation which forecloses the making of representations which would be false or misleading if advanced in some circumstances but not in others, would be valid. In the present case we think it is first up to the Secretary to evaluate whatever evidence Seagram may proffer and take what action he deems appropriate.