Maxwell **KRAWEZ** and Richard Ogus, Plaintiffs,

v.

Maurice **STANS**, Secretary of Commerce of the United States, Andrew E. Gibson, Maritime Administrator of the United States, Gordon McLintock, Superintendent of the United States Merchant Marine Academy, and the United States Merchant Marine Academy, Defendants.

No. 69–C–1438.

United States District Court
E. D. New York.

Dec. 3, 1969.

 

N. Y., of counsel, for plaintiffs and Steven J. Hyman, New York City.

Edward R. Neaher, U. S. Atty., Brooklyn, N. Y., for defendants; Howard E. Babbush, Brooklyn, N. Y., of counsel.

## MEMORANDUM ON PRELIMINARY INJUNCTION

WEINSTEIN, District Judge.

### I.

This action is brought by two former Midshipmen at the United States Merchant Marine Academy. Having been dismissed from the Academy on October 28, 1969 after a finding that they had violated regulations by using marijuana on campus, they seek an order from this Court requiring their readmission.

The request for an injunction is based on two main contentions: first, the hearing at which guilt was determined did not conform to the requirements of Academy regulations or due process—particularly in the denial of legal counsel—and, second, admissions of the plaintiffs, which constituted the sole evidence presented against them, should not have been used. The defendants, in addition to denying plaintiffs' claims, argue that this Court lacks power to grant relief because of the doctrines of sovereign immunity, res judicata and substantial evidence supporting an administrative determination.

On the basis of the preliminary hearing, the Court finds that it has the power to act. There is a substantial probability that plaintiffs can demonstrate that the alleged admissions could not be used by the Academy in proceedings against them, and that they were improperly dismissed. The substantial harm plaintiffs will suffer if they are illegally excluded from school in their fourth and final year requires the issuance of a preliminary injunction pending a final determination.

### II.

The evidence adduced by the plaintiffs demonstrates, for purposes of this pre-

Kunstler, Kunstler & Hyman, New York City, Rains, Pogrebin & Scher, Mineola, N. Y., Jerold D. Jacobson, Mineola,

liminary injunction, the following: On October 10, 1969 the plaintiffs, along with fifteen other Midshipmen, were interrogated by two Federal Narcotics Agents and a Nassau County Detective concerning the use of marijuana on campus. These interrogations took place in Wiley Hall, the Academy's Administration Building. They were conducted at the request of the Academy and with the assistance of Academy personnel. A member of the Academy's staff accompanied each student individually to the interrogation room and then left him alone with the three investigators.

The plaintiffs were told by the agents at the beginning of the interview that they were at the Academy to investigate and help solve the narcotics problem there. The impression given was that sources of narcotics were being sought. Assurances were made that plaintiffs could be "frank" and "speak freely" since nothing they said would be used against them. No distinction was drawn between use in possible criminal and in possible Academy disciplinary proceedings. The agents noted that only a failure to cooperate and speak truthfully would result in a report to the Academy. No promise, however, was made that upon speaking the plaintiffs would be immune from any Academy action. Each plaintiff was interrogated twice on that same day.

The other Midshipmen who were interviewed confirmed plaintiffs' version of the promises given by the agents. When any Midshipman questioned the agent he was reassured that nothing that was said "would leave the room." Since the government has refrained from submitting contradictory evidence, despite the opportunity to do so, we accept at this time the Midshipmen's version of what transpired behind the closed door.

The plaintiffs were formally suspended from the Academy on October 13, 1969 on the ground that during the interrogation on October 10 they had admitted to the use of marijuana on campus. Formal charges based upon these same grounds were filed against the plaintiffs on October 15 and the Superintendent, pursuant to Academy regulations, appointed a Special Board of Officers to hear the case. Plaintiffs' October 17 request to be represented by legal counsel at these proceedings was denied on that same day.

A Special Board of Officers consisting of faculty members was convened on October 20. Present at all nonexecutive Board sessions were two junior faculty members who served as "counsel" to the plaintiffs. These "counsel" had no legal training.

The Special Board questioned ten Midshipmen, including the two plaintiffs, concerning promises made by the agents during the investigation. They also spoke to one of the Narcotics Agents by telephone about the same subject. The only other evidence before the Board was the written report of the Narcotics Agents containing the plaintiffs' admissions.

On October 21 the Special Board issued its findings that plaintiffs had used marijuana. They recommended that both be dismissed from the Academy. These findings were supplemented on October 28 by an additional finding that the plaintiffs were not promised "immunity" from Academy discipline.

The Superintendent, acting upon the Special Board's recommendation, dismissed plaintiffs from the Academy on October 28, 1969. Their appeal of this decision to the Maritime Administrator was denied on November 12, 1969.

### III.

#### A. *Sovereign immunity*

 Defendants contend that sovereign immunity bars this suit. That doctrine prevents actions against the United States or government officials acting in their official capacity. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 687–88, 69 S.Ct. 1457, 93 L.Ed. 1628, *rehearing denied*, 338 U.S. 840, 70 S.Ct. 31, 94 L.Ed. 514 (1949). It does not operate if the government consents (id.) or if an official's actions

violated a plaintiff's constitutional rights. Wasson v. Trowbridge, 382 F.2d 807, 811 (2d Cir. 1968).

In *Wasson* the court entertained an action against government officials by a Midshipman of the Merchant Marine Academy who had been dismissed for misconduct. He claimed violations of his constitutional rights with respect to the procedures utilized by the Academy in hearing his case. While plaintiffs in the instant case have made numerous non-frivolous allegations concerning deprivation of their constitutional rights, this Court, as pointed out below, does not find it necessary to decide any of the substantial constitutional issues they raise. Nevertheless, the existence of the substantial constitutional issues in this case makes the immunity claim inappropriate.

Even were constitutional issues not involved, the Second Circuit has recently taken the position that the Administrative Procedure Act "constitutes a waiver of sovereign immunity concerning those claims which come within its scope." Kletschka v. Driver, 411 F.2d 436, 445 (2d Cir. 1969). *But see* Cotter Corp. v. Seaborg, 370 F.2d 686, 692, n. 15 (10th Cir. 1966). Agency action such as that now before us comes within the terms of the Administrative Procedure Act. "A person suffering legal wrong because of agency action * * * is entitled t ﹨ judicial review thereof." 5 U.S.C. § 702; *cf.* Kletschka v. Driver, 411 F.2d 436 (2d Cir. 1969).

Additional support for the conclusion that the government may not claim sovereign immunity may be found in Vitarelli v. Seaton, 359 U.S. 535, 79 S. Ct. 968, 3 L.Ed.2d 1012 (1959). There, on facts analogous to those before this Court, the Supreme Court ruled for the plaintiff without reference to the immunity doctrine.

### B. *Res judicata*

■ Although the defendants assert that concepts of res judicata prevent independent action by this Court, it is unnecessary as a preliminary matter to delve into the rules of that doctrine as they affect administrative actions. First, there was no finding by any administrative decision maker on the factual issue before this Court—whether the plaintiffs were promised that what they said would not be used against them. The only finding made by the Special Board and by the Superintendent was the significantly different determination that the plaintiffs were not promised "immunity" from Academy discipline.

Even if there had been a finding with respect to use of admissions, res judicata —or more properly, collateral estoppel— would not serve as a bar to the examination by this Court of that finding. Plaintiffs, having exhausted their administrative remedies, now are seeking an injunction under the Administrative Procedure Act (5 U.S.C. § 703) as a means of judicial review of the administrative decision dismissing them from the Academy. This Court cannot be bound by the very findings it is reviewing.

### C. *Substantial evidence*

■ The defendants also contend that this Court is limited to determining if the administrative findings are supported by substantial evidence. Accordingly, they contend, it would be improper to hold a *de novo* hearing on the question of what promises were made to the plaintiffs.

Under the Administrative Procedure Act the substantial evidence rule applies only to cases "subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute." (5 U.S.C. § 706(2) (E)). Sections 556 and 557 apply only to hearings required by sections 553 and 554— that is to rule-making (§ 553) and to adjudications "required by statute to be determined on the record after opportunity for an agency hearing" (§ 554(a)). *See* Borden Co. v. Freeman, 256 F.Supp. 592 (D.N.J.), *aff'd*, 369 F.2d 404 (3d Cir. 1966), *cert. denied*, 386 U.S. 992, 87 S.Ct. 1307, 18 L.Ed.2d 337 (1967).

While the general practice is to avoid *de novo* hearings, where there is no statutory prohibition their use is permissi-

ble. *See* Brown v. United States, 396 F.2d 989, 993–94, 184 Ct.Cl. 501 (1968). Such a hearing may be especially desirable where there is a question as to the sufficiency of the hearing below. *See* Jordan v. United Insurance Co. of America, 110 U.S.App.D.C. 112, 289 F.2d 778 (1961).

The hearing in the instant case was not required by statute to be determined on the record. Instead it was an unstructured inquiry conducted pursuant to Academy regulations. Thus, under the Administrative Procedure Act, the substantial evidence rule does not apply to a review of these Academy proceedings.

Additionally, the administrative record was inadequate. No legal personnel were at the hearing, questioning was unorganized and the sole witness supporting the Special Board's conclusion was questioned only very briefly over the telephone. There was no opportunity to observe his demeanor.

In light of the difficult constitutional and other questions presented, a more reliable factual basis is required. *See* Wasson v. Trowbridge, 382 F.2d 807 (2d Cir. 1968). Under these circumstances, no concept of deference to administrative expertise militates against a *de novo* hearing.

### IV.

The question of whether or not a confession, secured under circumstances that would make it inadmissible at a criminal trial, may be used at a Merchant Marine Academy disciplinary hearing presents a difficult constitutional question. *Cf.*, *e. g.*, One 1958 Plymouth v. Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965); Boyd v. United States, 116 U.S. 616, 633–638, 6 S.Ct. 524, 29 L.Ed. 746 (1886); Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). But traditional principles of agency and contract law make it unnecessary to resolve this issue.

A principal-agent relationship may be either a continuing one or one existing for a limited purpose or duration. Seavey, Law of Agency § 5 (1964). Once such a relationship is established, the principal is bound even by "unauthorized misrepresentations made by an agent in the course of a transaction in which he was authorized to make true statements on the subject. * * *" *Id.* at § 60. *See also* Reynolds v. Snow, 10 A.D.2d 101, 197 N.Y.S.2d 590, 598 (1st Dep't), *aff'd*, 8 N.Y.2d 899, 204 N.Y.S.2d 146, 168 N.E.2d 822 (1960); Ozdoba Realty Corp. v. Goldberg, 133 N.Y.S.2d 598, 602–03 (Sup.Ct.1954).

It is sufficient for the formation of a contract that assent to its creation is manifested by the words spoken or actions taken. It is not necessary that the unrevealed intentions of the parties coincide. Restatement of Contracts § 20. *See also* Mencher v. Weiss, 306 N.Y. 1, 7, 114 N.E.2d 177, 181 (1953); Hotchkiss v. National City Bank of New York, 200 F. 287, 293 (S.D.N.Y.1911). *Cf.* Developments in the Law, Academic Freedom, 81 Harv.L.Rev. 1045, 1145 (1968).

An offer when made may invite acceptance by words or by action. Restatement of Contracts § 29. Performance of what the offeror requests will constitute acceptance and create a binding contract. Restatement of Contracts § 63. *See also* Allied Steel & Conveyors, Inc. v. Ford Motor Co., 277 F.2d 907, 911 (6th Cir. 1960).

Since the agency and contract principles applied here would apparently be the same under New York law, federal "common law" or federal constitutional law (*cf.* Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 4 L.Ed. 629 (1819)), there is no need to decide the troublesome question of what substantive law should be applied in the resolution of these issues. *See e. g.*, Hill, Constitutional Remedies, 69 Colum.L.Rev. 1109 (1969).

The two Narcotics Agents and the Nassau County Detective were acting as agents of the Merchant Marine Academy. Their agency status was relied upon by the Superintendent in his notice of dis-

missal to the plaintiffs. Participation of Academy personnel and the use of Academy facilities in the interrogations reinforced the relationship.

As agents, the questioners were authorized to make promises to the students concerning the use of their statements. They told plaintiffs that if they spoke freely nothing they said would be used against them. Plaintiffs, by speaking freely, accepted this offer, and a contract was made. The Academy is bound by this agreement. It cannot use as evidence in disciplinary proceedings admissions made by the plaintiffs to the agents.

## V.

Based upon the above findings this Court will issue a preliminary injunction ordering the reinstatement of the plaintiffs pending a full hearing.