Public Utilities Commission, } No. 4141.
June 26, 1952.

CHICOPEE MANUFACTURING COMPANY & a.

*v.*

PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE.

THE STATE OF NEW HAMPSHIRE *v.* SAME.

*McLane, Davis, Carleton & Graf* and *Stanley M. Brown* (*Mr. Brown* orally), for the plaintiffs.

*H. Thornton Lorimer* (orally), for the State.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Hollis* orally), for the defendant.

*Robert P. Bingham* for the Office of Price Stabilization.

PER CURIAM. The statute regulating suspension of the orders of the Public Utilities Commission (R. L., c. 414, s. 20, as amended by Laws 1951, chapter 203) provides: "No appeal or other proceedings taken from an order of the commission shall suspend the operation of such order; provided, that the supreme court may order a suspension of such order pending the determination of such appeal or other proceeding whenever, in the opinion of the court, justice may require such suspension; but no order of the public utilities commission providing for a reduction of rates, fares, or charges or denying a petition for an increase therein shall be suspended except upon conditions to be imposed by the court providing a means for securing the prompt repayment of all excess rates, fares, and charges over and above the rates, fares, and charges which shall be finally determined to be reasonable and just." This statute makes certain propositions clear. First, an appeal does not affect the operation of the commission's order. Secondly, the Supreme Court may order a suspension pending appeal if justice requires it. Thirdly, orders of the commission providing for a reduction of rates or denying an increase therein shall be suspended only upon conditions which will allow the prompt repayment of any excess rates that may be found to exist. Sections 21 and 21a of this chapter as amended require the court to impose certain conditions upon suspension by it of a commission order reducing rates. We deem the powers granted to the court in section 20 in cases of a commission order increasing rates to include an implied power to impose similar conditions.

Since the ultimate merits of the contentions of the State and the plaintiffs can only be determined on appeal (*New England Tel. & Tel. Co.* v. *State,* 95 N. H. 531), and since the arguments convince us that justice to the consumers and ratepayers may be done without an unconditional order of suspension, no such order is made. However, the provisions of the statute granting power to the court to suspend necessarily includes the lesser power to make an order which may accomplish the same result. Accordingly, it is ordered

that the order of the commission is suspended pending the determination of these appeals unless the defendant forthwith files a stipulation in this court that it will promptly repay to the consumers and ratepayers any excess rates over and above those which shall be finally determined to be just and reasonable and will keep proper accounts to effectuate such repayment if current rates should be found excessive.

*So ordered.*