Public Utilities Commission, Nov. 14, 1952. } No. 4184.

### NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY

*v.*

STATE.

*Sulloway, Piper, Jones, Hollis & Godfrey,* and *T. Baxter Milne* and *John M. Gepson* (both of Massachusetts) (*Mr. Godfrey* orally), for the company.

*Gordon M. Tiffany,* Attorney General and *John N. Nassikas,* Assistant Attorney General (*Mr. Nassikas* orally), for the State.

PER CURIAM. In 1951 the Legislature provided that the Public Utilities Commission may suspend higher rates filed by a public utility, for a period not exceeding a year pending investigation by the commission, but that the proposed rates may nevertheless be placed in effect by the utility if their reasonableness has not been determined at the expiration of six months from the filing, provided the utility furnishes a bond "to secure the repayment to the customers . . . of the difference, if any, between the amounts collected under said schedule of rates and the schedule of rates determined by the commission . . . ." R. L., *c.* 292, *s.* 6, as amended by Laws 1951, *c.* 203, *s.* 46.

The statutory procedure was followed in this case, so that the rates presently in effect are those filed by the company on September 1, 1951, and placed in effect on April 1, 1952. The company seeks a suspension of the commission order disallowing these rates so that they may remain in effect (subject to a repayment bond or undertaking) pending a determination of the merits of the company's appeal.

The question presented is whether justice requires such a suspension until the merits of the pending appeal can be presented to this court and reviewed by it. R. L., *c.* 414, *s.* 20, as amended by Laws 1951, *c.* 203, *s.* 16; *Chicopee Mfg. Co.* v. *Public Service Co.,* 97 N. H. 553. As matters now stand the court is in no better position to determine the merits of the appeal than was the commission on April 1, 1952, to determine the reasonableness of the rates proposed by the company. We are of the opinion that justice will best be served by a continuance of the rates presently in effect under suitable bond or undertaking. Such an order is consistent with the legislative policy indicated in the revision of R. L., *c.* 292, *s.* 6, *supra.* Consumers will be protected by the company's undertaking for repayment. No comparable provision of the statute exists which might be utilized to afford similar protection to the utility, if the order of the commission should be permitted to take immediate effect. Moreover, continuance of the currently effective rates pending the appeal is likely to be productive of less disruption both to the public and the company than would arise from immediate institution of the rates prescribed by the commission, followed by reversion to higher rates in the event the company should successfully maintain its appeal.

The State has urged that the order of the commission be permitted to take effect subject only to suspension of provisions requiring repayment to customers of excess rates already collected under the bond. It is asserted that approximately $700,000 so collected, if retained by the company pending its appeal, will afford it sufficient security for reimbursement for any revenues it may lose pending the appeal should the rates fixed by the commission be held inadequate. The argument disregards the company's contention, which we are presently in no position to evaluate, that the rates prescribed by the commission are less than adequate by approximately $100,000 a month, so that ultimately it should be held entitled to an amount in excess of the $700,000 which the order of the commission provides shall be repaid to customers. In the light of these conflicting claims, preservation of the *status quo* would seem best to serve the ends of justice.

R. L., *c.* 414, *s.* 13, provides that upon appeal the burden of proof is upon the company and that all findings of fact by the commission shall be deemed to be *prima facie* lawful and reasonable. This provision has been considered but furnishes no helpful guide in determining the question presented by the company's preliminary motion for suspension.

The order of the commission is suspended, upon condition that the company forthwith file with this court its undertaking for the prompt repayment of all excess rates over and above the rates finally determined to be reasonable and just, and upon the further condition that the company keep such accounts as shall suffice to show the amount which it will hereafter collect in excess of the amount which it would have collected in the absence of such suspension, such accounts to be open to inspection by or on behalf of the Public Utilities Commission.

*So ordered.*