Public Utilities Commission,
No. 4401.

TILTON *v.* BOSTON & MAINE RAILROAD.

Argued April 5, 1955.

Decided April 12, 1955.

*Tiffany & Osborne* (*Mr. Tiffany* orally), for the appellants.

*Orr & Reno* and *Eugene F. Struckhoff* (*Mr. Struckhoff* orally), for the appellee.

PER CURIAM. This motion presents the issue of whether justice requires a suspension of the Commission's order until the merits of the pending appeal can be determined. R. L., *c.* 414, *s.* 20, as

amended by Laws 1951, *c.* 203, *s.* 16. *Chicopee Mfg. Co.* v. *Public Service Co.,* 97 N. H. 553. From the briefs and arguments it appears that a suspension would subject the railroad to irrecoverable expense for wages which will not be payable if the Commission order remains in effect. The appellants on the other hand assert that unless a suspension is granted, the towns and the public will suffer irreparable damage. They argue that negotiations for industrial development will be discouraged, and that inconvenience and expense will result, particularly to existing industries because of the necessity of handling less than carload shipments through the Franklin Falls station, about three miles distant from the Tilton station.

Obviously the court is in no position upon this motion to determine the merits of the issues raised by the appeal. *New England Tel. & Tel. Co.* v. *State,* 97 N. H. 555, 556. Unless the appeal is successfully maintained, the consequences of the order now urged as grounds for suspension, must ultimately be accepted as a part of the discontinuance of services and facilities which the Commission has found public convenience and necessity no longer require.

As we pointed out in *Company* v. *State,* 95 N. H. 353, 360, findings by the Commission are accorded a legislative presumption of reasonableness because of the Commission's "specialized assistance, and its consistent experience in regulation." While that presumption furnishes no sure guide in these interlocutory proceedings (*New England Tel. & Tel. Co.* v. *State,* 97 N. H. 555, 557, *supra*), neither does it suggest that deliberate action by the Commission is lightly to be set aside. Whatever course is taken, inconvenience or injury may result to one party or the other.

Upon consideration of the motion and the arguments thereon, it is our opinion that justice does not require suspension of the order of the Commission.

*Motion denied.*