Milk Control Board,
No. 5110.

CUMBERLAND FARMS NORTHERN, INC.

*v.*

NEW HAMPSHIRE MILK CONTROL BOARD *& a.*

Argued January 4, 1963.
Decided January 18, 1963.

*Burns, Bryant & Hinchey* and *Alfred B. Stapleton* (of Rhode Island) (*Mr. Robert E. Hinchey* orally), for the plaintiff.

*William Maynard*, Attorney General and *Alexander J. Kalinski*, Assistant Attorney General (*Mr. Kalinski* orally), for the defendants.

*Booth, Wadleigh, Langdell, Starr & Peters* (*Mr. Philip G. Peters* orally), for Milk Dealers Association of the State of New Hampshire as *amicus curiae*.

*Gordon M. Tiffany* (by brief and orally), for Granite State Dairymen's Association as *amicus curiae*.

BLANDIN, J. The plaintiff asks that certain orders of the Milk Control Board be suspended and for other relief, pending final determination of its appeal from these orders. We are authorized to grant the plaintiff's petition if, in our opinion, justice so requires. RSA 541:18; *New England Tel. & Tel. Co.* v. *State*, 97 N. H. 555.

At the threshold of our inquiry, the defense raises the objection that the plaintiff has failed either to move for rehearing within the twenty-day limit under RSA 541:3 or to take appeals within the thirty-day period under RSA 541:6, from certain findings and orders of the Board. The findings in question, which need not be detailed here, were made on July 27, 1962, and the orders on November 26, 1962, and December 6 of the same year. The orders of November 26 revoked nine distributor's licenses previously issued to the plaintiff on October 29, 1962, and the second order denied the plaintiff's request for a license for out-of-state distribution. If it should be determined that no satisfactory excuse exists for the plaintiff's failure to move for rehearing or to appeal within the time limit provided by RSA 541:3, 6 respectively, it would ordinarily be barred from any relief under the present petition, whether it be considered as an appeal or a petition for a writ of certiorari. RSA 541:3, 6, 22; *Nashua* v. *Public Utilities Commission*, 101 N. H. 503.

However, timely motions for rehearing were filed under RSA 541:3 from two other orders made by the Board in the same proceedings. The first of these orders, which was dated November 2, 1962, denied the plaintiff's application for distributor's licenses for five retail outlets in New Hampshire. The second order of October 29, 1962, effective as of October 31, made pursuant to a hearing held on September 25, 1962, under RSA 183:7, was that all price controls and other regulations should continue in effect. Upon the denial of the motions for rehearing on these orders, an appeal in the form of the present petition was taken within the limit set by RSA 541:6.

While the determination of what justice requires with respect to temporary relief demands an examination of the controlling circumstances, in this case it need not entail a detailed recital of the voluminous facts. In behalf of the plaintiff, it is said that if it be allowed to continue to sell milk, the satisfactory quality of which is not disputed, while charging the price fixed by the

Board, no harm will be done to the public. The plaintiff has also asserted that it will incur irreparable harm in the form of expenses and losses of business, pending a final determination of the case, if relief is not granted. It has further raised, in apparent good faith, substantial questions of the constitutionality of certain aspects of the Milk Control Law (RSA ch. 183) and of the proceedings conducted thereunder by the Board.

However it also appears that the plaintiff chose to test the validity of the statute and the Board's orders thereunder by disregarding them. The public health might not suffer from the sale of milk by the plaintiff under the conditions which it now suggests. Yet permission to make such sales after revocation of the plaintiff's licenses for apparent violation of the law would discourage law enforcement. The irreparable harm claimed by the plaintiff results in the course of conduct which it has chosen to follow.

We conclude the plaintiff has not established that justice requires that its apparent violation of the law be ignored and temporary relief be granted it from the expectable consequences of its own course of conduct.

In arriving at this result it should be distinctly understood that we are expressing no opinion upon the merits of the substantial questions raised by the plaintiff's appeal. These will be fully considered as soon as they are argued before this court.

*Petition dismissed.*

All concurred.