Public Utilities Commission,
No. 6510.

### Public Service Company of New Hampshire

*v.*

### State of New Hampshire & a.

October 19, 1972.

*Sulloway, Hollis, Godfrey & Soden* and *Joseph S. Ransmeier* (*Mr. Franklin Hollis* and *Mr. Ransmeier* orally) for the company.

*Cleveland, Waters & Bass* (*Mr. Warren E. Waters* orally) for the commission.

*George Charles Bruno,* director, *New Hampshire Legal Assistance,* orally, for VOICE.

Lampron, J. Motion filed September 28, 1972, by the company as part of its appeal to this court from an order (No. 10,679) of the public utilities commission dated August 8, 1972. The purpose of the motion is to obtain from this court a suspension of the commission order pending the determination of the appeal. RSA 541:18. The parties were heard on October 5, 1972.

On July 8, 1971, the company filed, according to RSA 378:5, a new tariff (No. 18) governing electric service to retail customers in this State. This tariff provided for higher rates, designed to yield an increase in revenues of 9.28%, and for a fuel adjustment clause. The latter would permit the company to vary its charges to the consumer to reflect fluctuations in the cost of fuel burned to generate electric power.

On April 11, 1972, under RSA 378:6 the company instituted the rates of tariff No. 18 and posted a bond with the commission to insure repayment of any overages to its retail customers. These overages would be computed as the difference between the amounts collected under the rates of tariff No. 18 and the rates established by the commission as being just and reasonable. RSA 378:7.

On August 8, 1972, following hearings, the commission ordered the company to file a new tariff (No. 19) which would result in an annual increase of 7%, effective April 11, 1972; refused the fuel adjustment clause; and decreed that the company should repay the overages, including the fuel surcharge, less the amount of the rate case expense.

In appealing from the denial of its motion for rehearing before the commission and in its present motion before this court the company raised the argument that implementation of the commission's order would result in unconstitutional confiscation of its property. *New Eng. Tel. & Tel. Co.* v. *State,* 104 N.H. 229, 233, 183 A.2d 237, 241 (1962). The ultimate merit of this contention will not be resolved until it has been presented to this court and decided. *New Eng. Tel. & Tel. Co.* v. *State,* 97 N.H. 555, 92 A.2d 408 (1952). The sole issue on this motion is whether justice requires that we suspend the order of the commission pending that determination.

Should the company prevail on the merits the customers who received repayments by virtue of the commission's order would be required to return part or all of those payments to the company. Since the amount at issue is alleged to be $1,600,000 for the period April 11, 1972, through August 31, 1972, this procedure of rebates and recollections would impose a substantial administrative burden on the company.

If the commission order is suspended, pending a

determination of the appeal, the customers would be protected under the company's bond (RSA 541:18) for any revenues collected which may ultimately be found to be excessive. The company would enjoy no comparable statutory safeguard if the commission order is permitted to take effect. *New England Tel. & Tel. Co.* v. *State,* 97 N.H. 555, 92 A.2d 408 (1952). Therefore, we are of the opinion that a continuation of the bonded rates pending a rehearing would produce less disruption to the public and the company.

The commission order is suspended pending the appeal upon the condition that the present bond on file with the commission be continued in full force and effect and that it be extended to cover the repayment of the excess, if any, of the amounts hereafter collected by the company under tariff No. 18 (present bonded rates) over the amount that would have been collected under rates determined to be just and reasonable as a result of this appeal. The company shall be further obliged to keep such accounts as will show the amounts being collected (RSA 541:19) during this appeal period and provide the commission with an estimate of the amount and manner of the refund upon the conclusion of this appeal.

The parties have expressed differing views on the applicability and effect of certain Price Commission regulations pertaining to public utilities (Price Stabilization Act, particularly 6 C.F.R. *ss.* 300.16, 300.16a (1972); 37 Fed. Reg. *s.* 300.307, at 18895 (1972)). We are of the opinion that these issues are not before us on this motion. The company has agreed to comply with pertinent requirements of the Price Commission regulations which may be effective as a result of the granting of its motion for suspension of the order of the commission.

*So ordered; order of commission suspended.*

KENISON, C.J., did not sit; the others concurred.