Original
No. 6685

NEW HAMPSHIRE-VERMONT PHYSICIAN SERVICE

v.

JOHN A. DURKIN, INSURANCE COMMISSIONER

June 22, 1973

*Sulloway, Hollis, Godfrey & Soden* (*Mr. James B. Godfrey* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Edward A. Haffer,* attorney (*Mr. Haffer* orally), for the defendant.

KENISON, C.J. Petition for certiorari challenging the legality of an order issued May 14, 1973, by the defendant insurance commissioner ordering the plaintiff (Blue Shield) to decrease its rates not later than July 1, 1973, by the amount of seven hundred eighteen thousand six hundred ten dollars ($718,610), a decrease of 9 percent. The interlocutory issue before this court is the plaintiff's motion to suspend the rate order effective July 1, 1973, pending a determination by this court of its legality.

Unlike most contested rate matters (RSA 541:1), there is no statutory provision for the suspension of a rate order for Blue Shield insurance rates. RSA 420:6; *cf.* RSA 541:18. However this court has statutory authority to issue writs of certiorari when necessary. RSA 490:4 (Supp. 1972); *State v. Salvucci Inc.,* 110 N.H. 502, 272 A.2d 854 (1970); *Nelson v. Morse,* 91 N.H. 177, 16 A.2d 61 (1940); *Petition of Dondero,* 94 N.H. 236, 51 A.2d 39 (1947). The contentions of the parties on the motion to suspend the rates exhibit a wide variance as to the state of the evidence and the financial prospects of the plaintiff for the immediate future. The plaintiff contends that the reduction in rates ordered by the defendant will erode its financial integrity and place it in a state of technical insolvency or just above it. The defendant disputes this entirely and contends that the plaintiff will suffer no irreparable damage and that the reduced rates will leave the plaintiff sufficient resources until the end of 1973 when the rates can be reviewed again. We do not have before us the voluminous transcripts and exhibits and it is difficult to ascertain at this juncture which side would likely prevail when we hear the case fully on its merits. If the plaintiff prevails and the rate order is not suspended it will be impossi-

ble to recoup the lost revenue. If the defendant prevails on the merits, the rate reduction can be adjusted to take the excess rates into account. A rapid change of rate orders within one year is not desirable for the subscribers or the plaintiff or the regulation of this type of nonprofit medical service industry. Therefore on the basis of the material and arguments submitted to us, we grant the plaintiff's motion to suspend the rate order until we can hear and decide the case on its merits.

Plaintiff suggests that because it is a nonprofit organization, as distinguished from investor-owned public utilities, it should not be required to file a bond to protect the interest of its subscribers. We do not accept this contention. Therefore the motion to suspend the rate order is granted, subject to the following conditions: 1. The plaintiff will file a bond guaranteeing its obligation to repay promptly to its subscribers any excess rates collected over and above those to which it shall be entitled, upon a determination of these proceedings on the merits, and 2. The plaintiff shall keep proper accounts so that it can effectuate any repayment that may be ordered. *See Public Serv. Co. of N.H. v. State,* 112 N.H. 348, 296 A.2d 126 (1972).

Accordingly the order of the court is

*Plaintiff's motion to suspend the rate order granted on condition.*

Duncan, J. did not sit; the others concurred.