Original
No. 6723

### New Hampshire-Vermont Hospitalization Service

v.

### Francis E. Whaland, Insurance Commissioner

September 11, 1973

*Upton, Sanders & Upton (Mr. Richard F. Upton* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Edward A. Haffer,* attorney *(Mr. Haffer* orally), for the defendant.

Per curiam. Motion by plaintiff Blue Cross to suspend an order and decision of the insurance commissioner, now under appeal, insofar as it disapproves and suspends its rate filing for a 26.9% increase on basic contracts. It also seeks authority to put into effect as temporary rates pursuant to RSA 541:18, this 26.9% increase on such contracts effective October 1, 1973.

On November 30, 1972, Blue Cross filed with the commis-

sioner under RSA 419:6 a proposal for a rate increase of 18.3% on basic contracts. This rate was to take effect January 1, 1973, and was to provide approximately $5,663,000 in additional revenue during that year. On May 14, 1973, the defendant's predecessor allowed Blue Cross an increase of $1,459,258 on basic contracts to be implemented no later than July 1, 1973. If made effective on that date, this would have constituted a 9.4% increase, and if implemented on October 1, 1973, it would be an increase of 18.8% for the year 1973. For divers reasons not material to this motion, this rate increase has not been put into effect. On June 1, 1973, Blue Cross filed with the commissioner a motion for rehearing of the order of May 14, 1973, alleging various grounds wherein the order was "unlawful or unreasonable". On rehearing before the present commissioner, Blue Cross amended its rate increase request of 18.3% made November 30, 1972 to one of 26.9% to be effective June 1, 1973. The commissioner denied this request and Blue Cross filed with this court the pending appeal under the provisions of RSA ch. 541.

Blue Cross alleges in its present motion for temporary rates that its actual operations for the seven months ending July 31, 1973, "resulted in a loss of $4,285,187 creating a deficit on its balance sheet of $832,396 on a ledger basis or $1,054,537 on a statutory basis". Blue Cross also alleges that if the rate increase allowed by the commissioner on May 14, 1973, is put into effect on October 1, 1973, it will be grossly inadequate and will result in an estimated loss of $4,939,116 for the year 1973 and a deficit on its balance sheet of $1,486,324. Blue Cross also alleges that if its contentions are correct and it is denied relief on this present motion it will be forced into insolvency. It seeks from this court a suspension of the commissioner's order and authority to put into effect "temporary rates effective October 1, 1973 not exceeding an increase of 27% on basic contracts" upon furnishing a repayment bond securing the prompt repayment of all excess rates over and above those finally determined to be reasonable and just. It is to be noted that the increase granted by the commissioner on May 14, 1973, would be an 18.8% increase if implemented on October 1, 1973.

However the rates on January 1, 1974, would return to the 4.7% yearly increase granted by the commissioner.

Blue Cross maintains that this court was granted the power to authorize such a temporary rate by Laws 1973, ch. 160 approved on May 24, 1973, and made effective on that date. This Act, applicable solely to hospital service corporations, adds a new section to RSA ch. 419 which regulates such corporations. It provides as follows: "All orders and decisions of the insurance commissioner concerning matters within his jurisdiction under this chapter shall be subject to rehearing and appeal as provided in RSA 541. All provisions of RSA 541:18 and 19 shall apply to orders and decisions of the insurance commissioner affecting the rates of hospital service corporations." By its terms it becomes applicable to the insurance commissioner's order of May 14, 1973, and consequently to the present motion.

The commissioner's brief states that certain figures filed by Blue Cross "which concededly provide evidence for . . . [its] technical insolvency argument, reflect relatively abstract estimates and pertain to Blue Cross' 'on paper' or theoretical financial status, quite apart from its immediate cash needs". He also maintains that "At best, Blue Cross can now only demonstrate that reasonable men might differ as to the wisdom of the Department's decision." The commissioner also argues that Laws 1973, ch. 160 merely authorizes this court to suspend orders issued by him and does not authorize the granting of a temporary rate increase. He argues that a temporary rate could only be granted under this court's equitable or supervisory powers (RSA ch. 490) which impose on Blue Cross an exceptionally heavy burden of proof which it cannot meet.

It is clear from its language that the sole purpose of the legislature in enacting Laws 1973, ch. 160 was to make sections 18 and 19 of RSA ch. 541 applicable to hospital service corporations such as Blue Cross. These are the very sections which empower this court to authorize temporary rates under repayment bond on appeals from rates fixed by the public utilities commission. *Chicopee Mfg. Co. v. Company*, 97 N.H. 553, 89 A.2d 751 (1952); *New England Tel. & Tel. Co. v. State*, 97 N.H. 555, 92 A.2d 408 (1952); *Public Serv. Co. of*

*N.H. v. State,* 112 N.H. 348, 296 A.2d 126 (1972). We cannot assume that such a legislative act is idle and meaningless in purpose. *Phillips Exeter Academy v. Exeter,* 92 N.H. 473, 482, 33 A.2d 665, 671 (1943); *Public Service Co. v. State,* 101 N.H. 154, 136 A.2d 600 (1957).

The main argument made by the commissioner against interpreting this Act as granting the power to authorize temporary rates is that in most public utility cases the temporary rates granted under RSA 541:18, 19 had already become effective by operation of RSA 378:6. These, however, were rate tariffs filed by the utility which had not been acted upon by the public utilities commission. *See Public Serv. Co. of N.H. v. State,* 112 N.H. 348, 296 A.2d 126 (1972). Although Blue Cross was not granted the benefit of a provision such as RSA 378:6 we see no substantial difference in this court allowing as temporary rates proposed rates filed by a utility but not yet approved by the commission, and allowing proposed rates filed by Blue Cross but not yet approved by the insurance commissioner. We hold that Laws 1973, ch. 160 by specifically providing that "All provisions of RSA 541:18 and 19 shall apply to orders and decisions of the insurance commissioner affecting the rates of hospital service corporations" was intended to, and did, equate such service corporations and public utilities with respect to the power of this court to grant temporary rates. This court is therefore authorized to grant Blue Cross' petition if the circumstances so warrant.

The contentions of the parties on this motion exhibit a wide variance as to the financial prospects of Blue Cross for the immediate future. It contends that unless relief is granted by way of temporary increased rates its financial integrity will be eroded resulting in a state of insolvency. It further argues that, absent such temporary rates, if it should prevail on the appeal "it will be impossible for it to recoup the lost revenue and in fact it very likely will no longer be able to continue doing business." If such dire predictions should come to pass, Blue Cross' thousands of members would find their hospital bills unpaid and the financial condition of the hospitals which have contracted with it would be seriously jeopardized.

On the basis of the material and arguments submitted to

us, we grant Blue Cross' motion to suspend the order of the insurance commissioner of May 14, 1973. We further authorize Blue Cross pursuant to the provisions of RSA 541:18, 19 to put into effect as of October 1, 1973, as temporary rates an increase of 26.9% on basic contracts upon furnishing a repayment bond, the keeping of proper accounts so it can effectuate any repayment of excess rates collected, and compliance with and subject to pertinent requirements of any federal price regulations. These temporary rates will be in effect until further order of this court and examination by the commissioner of the financial condition of Blue Cross in 1974. Nothing in this opinion is intended to prejudice the rights or contentions of either party with respect to the merits of the pending appeal.

*So ordered.*

DUNCAN, J., did not sit.