Public Utilities Commission
No. 6852

PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE

v.

STATE OF NEW HAMPSHIRE

April 30, 1974

*Sulloway, Hollis, Godfrey & Soden (Mr. Franklin Hollis* orally) for the company.

*Cleveland, Waters & Bass (Mr. Warren E. Waters* orally) for the commission.

GRIFFITH, J. Motions filed February 15, 1974, by the company as part of its appeal to this court from orders (No. 11, 226 and No. 11,253) of the public utilities commission dated December 21, 1973, and January 18, 1974, respectively. In essence there are three preliminary prayers in the appeal of the company on which the parties were heard March 15, 1974. These are: (1) motion to suspend order No. 11,226 pending determination of the appeal; (2) prayer that the court overrule the commission's denial of Tariff No. 18 as temporary rates under RSA 378: 27 for the duration of the proceedings; (3) prayer that the court immediately remand the case to the commission for further hearing restricted to the issues originally remanded by this court.

Tariff No. 18 was originally filed by the company on July 8, 1971, and on April 11, 1972, the rates of Tariff No. 18 were instituted with a bond posted by the company with the commission to insure repayment of any overage to its retail customers in accordance with RSA 378:6. On August 8, 1972, following hearings, the commission ordered the company to file a new tariff (No. 19) designed to yield an annual increase of 7% as opposed to the 9.28% provided for in Tariff No. 18 and refused the fuel adjustment clause provided in Tariff No. 18. The company appealed to this court and asked in a preliminary motion that this court suspend the order of the commission and permit continuance of Tariff No. 18 under bond. This motion was granted after hearing on October 19, 1972, in *Public Serv. Co. of N.H. v. State,* 112 N.H. 348, 296 A.2d 126 (1972).

The appeal from the commission order of August 8, 1972, was determined by this court in *Public Serv. Co. of N.H. v. State,* 113 N.H. 497, 311 A.2d 513 (1973). In that decision we remanded the case to the commission for reconsideration of the fuel adjustment clause and certain other computations of the commission relating to the rate base. In the remand we suggested that: "Presumably the pur-

poses of this remand can be accomplished on the present record, the company reports, and such additional evidence as may be pertinent. This may avoid the complication and expense of a new and full-fledged rate hearing." *Id.* at 511, 311 A.2d at 522.

On October 11, 1973, the commission acknowledged the remand for further consideration of several issues and ordered the company and other parties to "file in writing, together with any necessary exhibits, whatever evidence they deem pertinent . . . ." The company objected to the commission order and insisted that the issues on remand could not be determined within the scope of the order, but required an extensive hearing with an opportunity to the company to present oral evidence and cross-examine and rebut evidence from the commission staff. However, on November 5, 1973, the company filed a new petition for rate relief with supporting testimony and exhibits. On December 21, 1973, the commission rejected the company petition and issued an order No. 11,226 providing for a fuel adjustment clause to be collected until September 30, 1974, and a new tariff at a rate less than that asked for by the company. A motion for rehearing filed by the company on January 9, 1974, was denied by the commission on January 18, 1974, in order No. 11,253.

The company asks that we remand the case for further hearing by the commission prior to a hearing on its appeal. The company argues that the commission did not comply with our remand in basing its reconsidered decision on the previous record, data submitted by the company in its November 5, 1973 petition, routine data regularly submitted by the company, data obtained from the company by the commission staff and further data available from published statistics. Our order in *Public Serv. Co. of N.H. v. State,* 113 N.H. 497, 311 A.2d 513 (1973), did not require the hearing contemplated by the company and the procedure adopted by the commission was designed to produce such additional data as the commission required for reconsideration. The procedure adopted by the commission was in accordance with our suggestion that evidence be limited on the remand to avoid a new and full-fledged rate hearing. *Id.*

The company argues additionally for an immediate remand on the grounds that the commission introduced new issues and misconstrued the data before it in arriving at its new tariff. These objections were set out in detail in the company's motion for rehearing which the commission denied in Order No. 11,253. We are not prepared to determine at this stage of the proceedings whether the commission was correct or incorrect in its latest orders and a remand without such determination would not be useful to either the company or the commission. Accordingly, we deny the motion for an immediate remand to the commission.

We reviewed in some detail the pragmatic reasons for suspending the commission's order pending appeal and permitting the company to continue Tariff No. 18 under bond in *Public Serv. Co. of N.H. v. State,* 112 N.H. 348, 296 A.2d 126 (1972). The reasons therein stated are still applicable and accordingly, we grant the company's motions to suspend the present commission Order No. 11,226 and to continue to collect Tariff No. 18 under bond under the same terms as provided in that case. *Id.*

Tariff No. 18 has been in effect since April 11, 1972, in accordance with RSA 378:6. The company urged the commission to permit it to establish Tariff No. 18 as a temporary rate under RSA 378:27 on the grounds that rates at the level of Tariff No. 18 are not adequate to cover its costs of operation including its cost of capital. "The issue is significant because under an order establishing temporary rates the company would be entitled, upon entry of a final rate order in excess of the temporary rates, to recover any difference between the gross income realized under the temporary rates and what the gross income would have been under the final rate order had it been in effect during the same period (§ 29); whereas the commission's denial of temporary rates, if sustained, will preclude recovery of this difference." *Public Serv. Co. v. State,* 113 N.H. 497, 499-500, 311 A.2d 513, 515-16 (1973).

We upheld the commission's refusal to grant temporary rates in the previous appeal and found that its action was supported by several considerations. However, the

present denial was based in part upon a finding that "interest rates will be at lower levels in future months." The commission's forecast has not proven accurate and we take judicial notice of the fact that in the interim since the commission's order the cost of capital has increased rather than decreased. Time having shown that one consideration which led the commission to deny the temporary rate was wrong we are of the opinion that the petition for temporary rates should be remanded to the commission for reconsideration with an opportunity to the company to be heard on that issue.

> *Order No. 11,226 of commission suspended; order denying Tariff No. 18 as temporary rate vacated; remand limited to hearing on temporary rate; remand on other issues denied.*

All concurred.