Insurance Commissioner
No. 6977

UNION FIDELITY LIFE INSURANCE COMPANY

v.

FRANCIS E. WHALAND, INSURANCE COMMISSIONER

July 31, 1974

*Devine, Millimet, Stahl & Branch (Mr. Joseph A. Millimet* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *Edward A. Haffer,* assistant attorney general *(Mr. Haffer* orally), for the defendant insurance commissioner.

KENISON, C.J. Petition for suspension of order pending appeal pursuant to RSA 541:18 seeking to suspend the

defendant commissioner's decision not to renew the plaintiff insurance company's license when it expired on June 15, 1974. The plaintiff was informed of this decision on May 16, 1974, by a letter which explained that the commissioner no longer considered the company safe, reliable and entitled to public confidence. *See* RSA 405:12 (Supp. 1973). On the request of the plaintiff, a hearing was held on June 28, 1974, and the commissioner reaffirmed his previous decision. The plaintiff then filed this petition, which was subsequently amended to include a request for mandamus, and moved for a rehearing which was denied by the commissioner.

RSA 541:18 provides that although an appeal from a decision of a State department does not suspend its order, "the supreme court may order a suspension of such order pending the determination of such appeal . . . whenever, in the opinion of the court, justice may require such suspension." In view of the fact that a presumption of reasonableness is accorded to administrative orders, we have been reluctant to exercise the discretion conferred by this statute unless the plaintiff has demonstrated two conditions are present. First, there must be a showing that the plaintiff will suffer irreparable harm, occasioned by circumstances beyond his control, if the order is given immediate effect. Second, it must be clear that the harm to the plaintiff outweighs the public interest in enforcing the order for the duration of the appeal. *N.H. Milk Dealers' Ass'n v. N.H. Milk Control Bd.*, 107 N.H. 150, 218 A.2d 363 (1966); *Cumberland Farms v. N.H. Milk Control Bd.*, 104 N.H. 364, 187 A.2d 388 (1963); 2 F. Cooper, State Administrative Law 629-30 (1965); *see* Annot., 24 L. Ed. 2d 925, § 7 (1970); Note, *Judicial Review of Administrative Decisions in Ohio*, 34 Ohio St. L.J. 853, 875-76 (1973). The mere fact that an administrative decision may cause injury or inconvenience to the plaintiff is insufficient to warrant a suspension of order. *Tilton v. Boston & Me. R.R.*, 99 N.H. 503, 113 A.2d 543 (1955); *New England Tel. & Tel. Co. v. State*, 97 N.H. 555, 92 A.2d 408 (1952).

The plaintiff claims that its license to conduct business

in some other States will be subject to review in those States as a consequence of the commissioner's action unless his order is suspended. While the plaintiff may be burdened by having to defend its record in other States, we believe that such a consequence will not provide a basis for relief, because there is no irreparable harm. The plaintiff also claims that its ability to conduct business will be greatly impaired by the nonrenewal of its license. It is our understanding that the commissioner's order only serves to prevent the plaintiff company from writing new business, and thus enables it to continue servicing existing contracts. *See* 19 J. Appleman, Insurance Law and Practice § 10399 (1946). Since the purpose of the commissioner's order is to protect our citizens from an insurance company which is presumptively not entitled to public confidence, we believe that a necessary consequence of this action is to freeze the plaintiff's operations unless and until the questions raised by these proceedings have been resolved in its favor. "Whatever course is taken, inconvenience or injury may result to one party or the other" *(Tilton v. Boston & Me. R.R.*, 99 N.H. 503, 504, 113 A.2d 543, 544 (1955)), and here the plaintiff, whose conduct has caused the commissioner to issue his order, should bear the weight of the decision.

Accordingly, we hold that the plaintiff has failed to show sufficient cause why the order should be suspended and deny its petition without prejudice to the pending appeal. In arriving at this result it should be clearly understood that we are expressing no opinion as to the merits of the plaintiff's appeal, which is scheduled for hearing Wednesday, September 4, 1974.

*Petition denied without prejudice to the pending appeal.*

GRIMES, J., did not sit; the others concurred.