Insurance Commissioner
No. 6977

### Union Fidelity Life Insurance Company

v.

### Francis E. Whaland, Insurance Commissioner

December 31, 1974

*Devine, Millimet, Stahl & Branch* and *Richard E. Galway (Mr. Joseph A. Millimet* orally) for Union Fidelity Life Insurance Company.

*Warren B. Rudman,* attorney general, *Charles G. Cleaveland,* assistant attorney general *(Mr. Cleaveland* orally), for the insurance commissioner.

GRIFFITH, J. Union Fidelity Life Insurance Company, a mail order accident and health insurance company has appealed, pursuant to RSA ch. 541, an order of the State insurance commissioner denying renewal of its license to engage in the insurance business in New Hampshire. The appeal and the brief of the Union Fidelity and Life Insurance Company claim that the procedure which resulted in the refusal of the insurance commissioner to renew its license under RSA 405:12 (Supp. 1973) was violative of its right to due process.

On May 20, 1974, the company received a letter dated May 16, 1974, from the New Hampshire Department of Insurance stating that its license expired on June 15, 1974, and would not be renewed as the insurance commissioner no longer considered the company safe, reliable and entitled to public confidence. RSA 405:12 (Supp. 1973). On May 30, 1974, the company through counsel, filed a motion for a rehearing. A hearing was scheduled for June 13, 1974, by

the hearing examiner *(Norman E. Champagne,* Esq.) but on that date the company was unwilling to proceed with a hearing on the grounds that it could not fairly defend itself without more information on the complaints against it. Accordingly, the date for renewal of its license was extended until July 15, 1974, and a hearing was held on June 28, 1974, the date requested by counsel for the company. On July 12, 1974, the hearing officer filed a report reviewing all of the evidence in detail and found that the company had failed to demonstrate that it should be regarded as "safe, reliable and entitled to public confidence." The hearing officer, for the commissioner, ordered that the license of the company not be renewed effective July 15, 1974. A petition to suspend the order pending this appeal was denied in *Union Fidelity Life Insurance Company v. Whaland,* 114 N.H. 549, 323 A.2d 585 (1974).

The company in its brief agrues that it was denied due process in the proceedings that led to the order by the hearing officer refusing to renew its license. It is well settled that a license to sell insurance may not be denied renewal without affording due process to the licensee. *Jordan v. United Ins. Co. of America,* 289 F.2d 778 (D.C. Cir. 1961). "[D]ue process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." *Bell v. Burson,* 402 U.S. 535, 542 (1971). "In passing upon applications for licenses, the commissioner acts in a judicial capacity," requiring "notice and an opportunity to be heard." *American Motorists Ins. Co. v. Garage,* 86 N.H. 362, 368, 169 A. 121, 124-25 (1933); *State v. Stevens,* 78 N.H. 268, 99 A. 723 (1916).

RSA 405:12 (Supp. 1973) provides for the licensing of foreign insurance companies and after such company has been licensed "annually thereafter, on June fifteenth, such license may be renewed so long as the company shall comply with the requirements of the law and the commissioner shall regard it as safe, reliable and entitled to confidence." Under the terms of this statute the commissioner is required to renew the license of a company providing it meets the standards

of the statute, *U.S. Fidelity Co. v. Linehan,* 73 N.H. 41, 58 A. 956 (1904). The company suggests that due process requirements for notice and hearing are satisfied by the provisions of RSA 400-A:14 (Supp. 1973) and claims that the requirements of notice therein set forth were not followed.

It does not appear that either the company or the commissioner made specific reference to any of the provisions of RSA ch. 400-A (Supp. 1973) until after the hearing of June 28, 1974, and the findings and order of the hearing commissioner of July 12, 1974. RSA 400-A:14 (Supp. 1973) and the notice provisions therein set forth relate to "prohibitionary and mandatory orders" of the commissioner. The notice of May 16, 1974, of the intention of the department not to renew the license of the company on June 15, 1974, did not fall in the above category, but came under RSA 400-A:17 II (b) (Supp. 1973) requiring the commissioner to hold a hearing "upon written application for a hearing by a person aggrieved by any act or impending act, or by any report, rule, regulation or order of the commissioner . . . ." Although it was entitled a motion for a rehearing, the motion the company filed May 30, 1974, satisfied the requirements of an application for a hearing under RSA 400-A:17 III (Supp. 1973) and was so treated by the commissioner.

In the initial notice to the company, it was informed that its license would not be renewed because the commissioner did not find it "safe, reliable and entitled to public confidence." Prior to and at the aborted hearing on June 13, 1974, the company was furnished with a detailed statement of the material relied upon by the commissioner in reaching his initial decision. Counsel for the company wrote the hearing officer on June 14, 1974, acknowledging the receipt of an auditor's report, previously refused, and suggesting the hearing be held Friday, June 28 at 10 a.m. If a further formal written notice of the hearing was required by RSA 400-A:18 (Supp. 1973) this letter waived it. On June 28, 1974, the company appeared through counsel and presented the testimony of Arthur O. King, a vice-president and director. There was no indication that the company did not receive

adequate notice of all material relied upon as a basis for the final finding that the company was not "safe, reliable and entitled to confidence." RSA 405:12 (Supp. 1973); *see Aetna Casualty &c. Co. v. Sullivan*, 83 N.H. 426, 143 A. 687 (1928). The company received such notice as was required by RSA ch. 400-A (Supp. 1973) and due process requirements of notice and opportunity for hearing were complied with. *Cf. Bell v. Burson*, 402 U.S. 535 (1971).

Although the plaintiff's brief mentions a claim of bias, it does not rely on the claim, although considerable reference was made to the issue in oral argument. The claim apparently arises from a letter written June 7, 1974, by the commissioner to an attorney who had complained about the activities of the company. The letter mentions the fact that the company has been notified that its license to sell insurance will not be renewed and contains several uncomplimentary references to the company. These constituted extreme characterizations of the company operations which the commissioner apparently felt were warranted and justified his intention not to renew its license. While the language is injudicious, it is well settled that prior involvement "is not a sufficient ground to bar a statutory administrative body from acting . . . ." *Farrelly v. Timberlane Regional School District*, 114 N.H. 560, 565, 324 A.2d 723, 726 (1974); *Quinn v. Concord*, 108 N.H. 242, 244-45, 233 A.2d 106, 108 (1967). The commissioner in this case did not conduct the hearing or give the decision.

*Appeal dismissed.*

All concurred.