Insurance Commissioner
No. 7091

UNITED AMERICAN INSURANCE COMPANY

v.

FRANCIS E. WHALAND, INSURANCE COMMISSIONER

April 30, 1975

*Perkins & Brock* and *Kevin L. Tucker (Mr. Tucker* orally) for United
American Insurance Company.

*Warren B. Rudman,* attorney general, and *John S. Kitchen,* attorney
*(Mr. Kitchen* orally), for the insurance commissioner.

GRIFFITH, J. United American Insurance Company appeals
pursuant to RSA ch. 541 an order of the State insurance commis-
sioner denying renewal of its license to engage in the insurance
business in New Hampshire. The appeal and brief of the company
claim that the procedure which resulted in the refusal of the insur-
ance commissioner to renew its license under RSA 405:12 (Supp.
1973) was violative of its right of due process.

On May 15, 1974, a letter from the New Hampshire Department
of Insurance informed the company that its license which would
expire on June 15, 1974, would not be renewed as "in the opinion

of the Commissioner, your Company is not considered as safe, reliable and entitled to public confidence." RSA 405:12 (Supp. 1973). The letter further informed the company that the decision of the department could be appealed pursuant to RSA ch. 541.

The similarity of the facts in this case to the facts in *Union Fidelity Life Insurance Company v. Whaland*, 114 N.H. 832, 330 A.2d 782 (1974), ceased at this point. In the *Union Fidelity* case, the company filed a motion for rehearing ten days after receipt of the letter announcing that its license would not be renewed June 15, 1974. This was in accord with RSA 541:3, :4, :5, :6 (1974) as a prelude to any appeal. *Union Fidelity* requested and received a detailed statement of the charges against the company and was accorded a hearing prior to any action on the renewal of the license. We noted in the *Union Fidelity* case that the request for a hearing came under RSA 400-A:17 II (b) (Supp. 1973), which required a hearing if requested within thirty days after "any act or impending act . . . of the commissioner . . . ." *Id.*

Unlike the *Union Fidelity Insurance Company* case, the first written communication to the commissioner following the letter notice of May 15, 1974, was a note dated June 26, 1974, from E. Eugene Farnum, president of Insurance Consultants, Inc. This stated that the writer had just received a telephone message from Deputy Commissioner Fraser conveying the commissioner's reaction to a visit that day with the deputy commissioner by Farnum and Russell B. Donovan, president of United American Insurance Company. Farnum asked to meet with the commissioner to discuss some of the details discussed at the meeting with Fraser. On July 2, 1974, the commissioner acknowledged the letter of June 26, 1974, and stated he would always be happy to see Farnum but "I would be less than honest to encourage you into thinking that in any way are we going to change a decision that has been made." Over a month and a half later on August 21, 1974, Mr. Donovan wrote the commissioner in part as follows: "If agreeable to you, I would suggest an informal conference at your office at which I will not be accompanied by any other person. This would permit a frank discussion between the two of us of the entire problem."

The reply of the commissioner stated that no useful purpose would be served by such a conference and ended with the following statement. "I would appreciate it if no more pressure or attempt thereat is exerted in my direction from either your company, yourself, or anyone else claiming to represent you." Over a month later on October 2, 1974, Attorney David A. Brock wrote on behalf

of the company asking for a meeting. This was refused by the commissioner who noted that the company had been afforded ample opportunity to avail itself of all procedural remedies available to it by statute. On October 7, 1974, Attorney Brock requested that the order not to renew the company's license be vacated and that the company be granted a hearing pursuant to RSA 400-A:17 (Supp. 1973), and finally on October 29, 1974, the company requested a rehearing under RSA 541:3 (Supp. 1973). This was denied November 13, 1974, together with all requests for hearing because of the failure of the company to comply with the thirty-day limitation of RSA 400-A:17 III (Supp. 1973).

We have detailed the correspondence in this case in some detail since we think it dispositive of the company claim that it was denied due process before its license was revoked June 15, 1974. The fact that the commissioner erroneously cited RSA ch. 541 as the chapter the company should proceed under is of no help to the claim of the company in this case. Action under RSA ch. 541 was required in twenty days and the company had thirty days under RSA 400-A:17 III (Supp. 1973), the section company counsel readily recognized as applicable. See *Grannis v. Ordean*, 234 U.S. 385 (1914).

The company in this case deliberately chose a course that avoided a hearing and attempted to persuade the commissioner to change his proposed revocation without a hearing. We think it of some significance that until the letter of October 7, 1974, no request had ever been made for a hearing or statement of the charges or complaints against the company. This was nearly four months after the company license had not been renewed.

In *Union Fidelity Life Insurance Company v. Whaland*, 114 N.H. 832, 834, 330 A.2d 782, 783 (1974), we noted that "[i]t is well settled that a license to sell insurance may not be denied renewal without affording due process to the licensee." *Id.* We reject the company's contention that due process is violated if an administrative hearing is not conducted prior to the written transmittal of an intent to revoke a license at a future date. Due process only requires notice and an opportunity to be heard prior to the effective date of the license revocation. *Hampton Nat'l Bank v. Desjardins*, 114 N.H. 68, 314 A.2d 654 (1974); *Bell v. Burson*, 402 U.S. 535 (1971); *Jordan v. United Ins. Co. of America*, 289 F.2d 778 (D.C. Cir. 1961). Once having had a meaningful opportunity for a fair hearing, the commissioner's permanent revocation of the company's license does not now become constitutionally suspect merely

because the company did not avail itself of the prescribed opportunity to be heard. *Armstrong v. Manzo,* 380 U.S. 545 (1965); *Milliken v. Meyer,* 311 U.S. 457 (1940); *Grannis v. Ordean,* 234 U.S. 385 (1914); *People's Wayne County Bank v. Wolverine Box Co.,* 250 Mich. 273, 230 N.W. 170 (1930).

The suggestion by the plaintiff that the commissioner conducted a dialogue with the plaintiff and its agents which misled the company into not asking for a hearing is without merit. The official record does not disclose that the commissioner ever met with agents of the company and indicates a total rejection of the company approaches. In October when the company through its attorney finally asked for a hearing, it no longer had a license to renew and its remedy was to apply for a new license. RSA 405:11; RSA 405:12 (Supp. 1973).

*Appeal dismissed.*

All concurred.