Insurance Commissioner
No. 7114

WILLIAM L. BURHOE

v.

FRANCIS E. WHALAND, INSURANCE COMMISSIONER

April 30, 1976

*Winer, Lynch, Pillsbury & Howorth* and *Robert W. Pillsbury (Mr. Pillsbury* orally) for the plaintiff.

*Warren B. Rudman,* attorney general, and *John S. Kitchen,* attorney *(Mr. Kitchen* orally), for the insurance commissioner.

KENISON, C.J.   The plaintiff appeals under RSA 400-A:24 (Supp. 1975) and RSA ch. 541 from an order of the insurance commissioner barring him from holding a license for a period of three years. The commissioner found that the plaintiff was guilty of "twisting", that is, that the plaintiff had made a misrepresentation for the purpose of inducing a policyholder to surrender insurance in one company and to take out a policy in another like company. RSA 402:47, :49. The plaintiff challenges the adequacy of the notice, the admission of certain evidence, and the sufficiency of the evidence to support the finding. The only issue which it is necessary to decide is his contention that the hearing officer erred in refusing to disqualify himself.

RSA 400-A:13 (Supp. 1975) provides that the insurance commissioner "may delegate to his ... employees ... the exercise or discharge in the commissioner's name of any power, duty, or function ... vested in or imposed upon the commissioner." Apart from the actuary who attended the initial hearing to provide technical advice, it appears from the record that only one person in the

insurance department dealt with this case, the hearing officer.

The plaintiff and one of his employees persuaded a seventy-six-year-old lady who had heart trouble and high blood pressure to purchase insurance from the company the plaintiff represented and assisted her in writing a letter to cancel similar insurance in another company. The policyholder's attorney reported these events in writing to the commissioner. An employee of the insurance department visited the policyholder and spoke with her for several hours. At his direction she prepared a written statement summarizing her change of insurance. This insurance department employee gave notice of and conducted the hearing at which the plaintiff was required to show cause why his license should not be revoked.

The hearing officer began the hearing by introducing into evidence the letter from the policyholder's attorney and her written statement. The plaintiff and his employee then testified on their own initiative. The hearing officer cross-examined them rigorously, seeking to discredit their testimony and to secure admissions of wrongdoing. Thereafter the hearing officer decided the case and wrote the opinion and order in the commissioner's name. The plaintiff filed a petition for rehearing and objected to the hearing officer's performance of investigative, prosecutorial, and adjudicative functions. The hearing officer held a hearing on the petition, allowed the plaintiff to testify further, and wrote an opinion and order affirming his previous order.

Recent cases have demonstrated the difficulty of formulating broadly phrased rules regarding the due process requirement of an impartial tribunal in situations where the tribunal has come in contact with the case in some other capacity. *Goldberg v. Kelly,* 397 U.S. 254, 271 (1970); *Arnett v. Kennedy,* 416 U.S. 134, 155 n. 21, 196 ff. (1974); *Local 134 v. NLRB,* 486 F.2d 863 (7th Cir. 1973), *rev'd sub nom. ITT v. Electrical Workers,* 419 U.S. 428 (1975); *Withrow v. Larkin,* 421 U.S. 35 (1975). It is clear that some combinations of the investigative, accusative, and adjudicative functions are constitutionally permissible. *Withrow v. Larkin supra; Farrelly v. Timberlane Regional School Dist.,* 114 N.H. 560, 565, 324 A.2d 723, 726 (1974); *Quinn v. Concord,* 108 N.H. 242, 244-45, 233 A.2d 106, 108 (1967). However the procedure followed in this case was improper because of a combination of circumstances.

The policyholder did not appear at the hearing. There were three sources at the hearing for her version of the events: the letter from her attorney, her written statement, and the hearing officer.

During the hearing the hearing officer made several references to statements that the policyholder had made to him when he interviewed her. In the circumstances of the hearing, the hearing officer could have been a critical witness, and the plaintiff may have been deterred from questioning him because he was serving as hearing officer.

The hearing officer presented the evidence which was the basis for the show cause order. He overruled the plaintiff's objection that the evidence was hearsay. He cross-examined the plaintiff and the plaintiff's employee when they testified. The authority of a trial judge to question witnesses is well established. *State v. Davis,* 83 N.H. 435, 436, 144 A. 124, 125 (1928); 3 J. Wigmore, Evidence § 784 (Chadbourn rev. 1970). But the constitutional guarantee of due process is violated when the hearing officer presents the case for one party, cross-examines the witnesses of the other party, and then decides the case. 1 F. Cooper, State Administrative Law 336, 340 (1965); *Figueroa Ruiz v. Delgado,* 359 F.2d 718 (1st Cir. 1966); *see Union Fidelity Life Ins. Co. v. Whaland,* 114 N.H. 832, 836, 330 A.2d 782, 784 (1974); *Wong Yang Sung v. McGrath,* 339 U.S. 33, 45-46 (1950). Therefore it was error to deny the plaintiff's petition that the hearing officer disqualify himself. *In re Murchison,* 349 U.S. 133, 138 (1955); *see Hale v. Wyatt,* 78 N.H. 214, 214-15, 98 A. 379, 380 (1916).

*Remanded.*

All concurred.