Department of Employment Security
No. 2012-487

APPEAL OF ANNELIE MULLEN
(New Hampshire Department of Employment Security)

Argued: September 12, 2013
Opinion Issued: October 16, 2013

*New Hampshire Legal Assistance,* of Concord (*Daniel Feltes* on the brief and orally), for the petitioner.

*Michael A. Delaney,* attorney general (*Patrick J. Queenan,* attorney, on the brief and orally), for the New Hampshire Department of Employment Security.

DALIANIS, C.J. The petitioner, Annelie Mullen (employee), appeals a decision by the commissioner of the respondent, the New Hampshire Department of Employment Security (department), which ordered the appeal tribunal (tribunal) to reopen the record. *See* RSA 282-A:60 (2010). We dismiss the appeal because we lack subject matter jurisdiction.

The following facts are derived from the record. In 2011, the employee was notified that the department had determined that it had overpaid her unemployment compensation in 2010. *See* RSA 282-A:165 (2010). The employee appealed this determination to the tribunal, which upheld it. The employee requested that the commissioner reopen the record before the tribunal. *See* RSA 282-A:60. In November 2011, the commissioner granted her request and ordered the tribunal to conduct a *de novo* hearing. In January 2012, the tribunal found in the employee's favor. *See* RSA 282-A:165, II.

In March 2012, the commissioner informed the parties that she was again reopening the record before the tribunal because the commissioner believed that the tribunal had mistakenly excluded the testimony of a particular witness. *See* RSA 282-A:60 (allowing commissioner to reopen record "upon [her] own initiative . . . on the basis of fraud, mistake, or newly discovered evidence"). The commissioner ordered the tribunal to conduct another *de novo* hearing.

Thereafter, the employee appealed the commissioner's decision to the appellate board (board). The board decided that it had no jurisdiction at

that juncture to review the decision. The employee filed a motion for reconsideration, which the board denied, and this appeal followed.

On appeal, the employee argues that the commissioner's decision to reopen the record deprived her of due process. The department counters that we lack jurisdiction to review the commissioner's decision. Because we agree with the department, we dismiss the employee's appeal.

Judicial review of department decisions is governed by RSA 282-A:67 (2010). *Appeal of Aspen Contracting NE*, 164 N.H. 88, 89 (2012). RSA 282-A:67, II provides that "[a]n interested party who has exhausted all administrative remedies within the department and who is aggrieved by a final decision of the . . . tribunal as reversed, modified or affirmed by the . . . board after a motion for reconsideration is granted or denied or after the decision on rehearing, may appeal that decision to the supreme court." RSA 282-A:68 (2010) further provides: "The judicial review provided by RSA 282-A:67 shall be exclusive of all other methods of judicial review of unemployment compensation decisions, including extraordinary writs, including the writ of certiorari." Our appellate "jurisdiction is limited to reviewing the record of the . . . tribunal for errors of law, except insofar as that record may have been clarified or the issues limited in the course of subsequent proceedings before the . . . board." *Appeal of Pelleteri*, 152 N.H. 809, 811 (2005) (quotation and brackets omitted).

In this case, because the commissioner reopened the tribunal's decision, the tribunal has not yet issued a final decision, and the board has not yet had an opportunity to review that decision. *Cf. Okongwu v. Stephens*, 488 N.E.2d 765, 768 & n.6 (Mass. 1986) (holding that order granting a post-trial motion for new trial is not immediately appealable); *Hodgdon v. Weeks Mem. Hosp.*, 128 N.H. 366, 367 (1986) (describing appeal from order granting new trial as "interlocutory appeal"). Absent a final decision by the tribunal, we lack statutory authority to review the issues the employee raises in this appeal.

*Appeal dismissed.*

HICKS, CONBOY, LYNN and BASSETT, JJ., concurred.