NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Department of Employment Security
No. 2015-0605


APPEAL OF ANNELIE MULLEN
(New Hampshire Department of Employment Security)

Argued: June 9, 2016
Opinion Issued: September 30, 2016


New Hampshire Legal Assistance, of Portsmouth (Kay E. Drought on the brief and orally), and Concord (Sarah Mattson Dustin on the brief), for the petitioner.


Joseph A. Foster, attorney general (Brian W. Buonamano, assistant attorney general, on the brief and orally), for the New Hampshire Department of Employment Security.


CONBOY, J. The petitioner, Annelie Mullen, appeals a decision of the New Hampshire Department of Employment Security (department). She challenges the decision by the department's commissioner to require the department's appeal tribunal (tribunal) to reopen the department's case against the petitioner. We affirm.

This is the third time this case has come before us. See Appeal of Annelie Mullen (Mullen II), No. 2014-0556 (N.H. Apr. 8, 2015); Appeal of Mullen (Mullen I), 165 N.H. 344 (2013). The following pertinent facts are taken from

the record or from our prior decisions. In 2011, the department determined that, while receiving unemployment benefits in 2010, the petitioner had "knowingly failed to report [her] work and earnings" and, thus, the department had overpaid her benefits. See RSA 282-A:164 (2010) (amended 2012). As a result, the department informed the petitioner that she was required to repay the overpaid benefits. See RSA 282-A:165 (2010). The petitioner appealed the department's determination to the tribunal, which upheld the determination. Mullen I, 165 N.H. at 344. The petitioner then requested that the commissioner reopen the record before the tribunal. See RSA 282-A:60 (2010). The commissioner granted her request and ordered the tribunal to conduct a de novo hearing. Mullen I, 165 N.H. at 344.

In January 2012, the tribunal found that the petitioner was overpaid benefits in 2010, but that she was "without fault in creating the overpayment." As a result, the tribunal determined that the petitioner was not required to repay the state unemployment benefits. In March, the commissioner, on her own initiative, informed the parties that she was again reopening the record before the tribunal because she believed that the tribunal had mistakenly excluded the testimony of a particular witness. Id.; see RSA 282-A:60. The commissioner ordered the tribunal to conduct a de novo hearing and provided "additional guidance for the next hearing." See RSA 282-A:61 (2010) (amended 2013).

The petitioner appealed the commissioner's decision to the department's appellate board (board). Mullen I, 165 N.H. at 344. The board determined that, pursuant to RSA 282-A:64, it did not have jurisdiction at that juncture to review the commissioner's decision. Id. at 344-45; see RSA 282-A:64 (2010). The petitioner's motion for reconsideration was denied and she appealed to this court. Mullen I, 165 N.H. at 345.

On appeal, the petitioner argued that the commissioner's decision to reopen the record deprived her of due process. Id. We determined that we lacked statutory authority to review the issues raised by the petitioner because the tribunal had not yet issued a final decision and the board had not had an opportunity to review that decision. Id.; see RSA 282-A:67, II (2010). Thus, we dismissed the petitioner's appeal. Mullen I, 165 N.H. at 345.

Subsequently, the tribunal held a third de novo hearing. In April 2014, the tribunal issued a decision upholding the initial determination that the petitioner was overpaid benefits and requiring the petitioner to repay them. The petitioner appealed to the board, but the board declined to accept jurisdiction because the petitioner had not first requested that the commissioner reopen the tribunal decision. See RSA 282-A:60, :64.

The petitioner then requested that the commissioner reopen the case, reverse the tribunal's April 2014 decision, and reinstate the January 2012

decision in her favor. Pending a decision on her request, the petitioner also appealed to this court. Subsequently, the commissioner ordered a limited reopening for the tribunal to issue a decision amending the number of penalty weeks imposed upon the petitioner. In December 2014, the tribunal issued a decision modifying the penalty period, but which was identical in all other respects to its April 2014 decision. In April 2015, we dismissed the petitioner's appeal without prejudice because she had failed to exhaust her administrative remedies. Mullen II, No. 2014-0556 (N.H. Apr. 8, 2015); see RSA 282-A:67, II.

That same month, the petitioner requested that the commissioner reopen and reverse the April 2014 tribunal decision as modified by the December 2014 decision, and reinstate the January 2012 tribunal decision, but the commissioner declined to do so. Thereafter, the petitioner again appealed to the board and the board upheld the tribunal's decision. The petitioner's motion for reconsideration was denied, and this appeal followed.

Judicial review of department decisions is governed by RSA 282-A:67 (2010). Mullen I, 165 N.H. at 345. Our review is confined to the record and we cannot substitute our judgment as to the weight of the evidence on questions of fact for that of the tribunal. RSA 282-A:67:IV, :V; see Appeal of Niadni, Inc., 166 N.H. 256, 259 (2014). We may reverse or modify the tribunal's decision only in limited circumstances. Appeal of Niadni, Inc., 166 N.H. at 259.

> The court shall reverse or modify the decision of the appeal tribunal, or remand the case for further proceedings, as determined by the court, only if the substantial rights of the appellant had been prejudiced because the administrative findings, inferences, or conclusions are:
>
> (a) In violation of constitutional or statutory provisions;
>
> (b) In excess of statutory authority;
>
> (c) Made upon unlawful procedures;
>
> (d) Clearly erroneous in view of the substantial evidence on the whole record; or
>
> (e) Affected by other error of law.
>
> Otherwise, the court shall affirm the appeal tribunal's decision.

RSA 282-A:67, V.

On appeal, the petitioner argues that the commissioner's March 2012 decision to reopen the case violated her rights to due process under the State

3

and Federal Constitutions.  See N.H. CONST. pt. I, arts. 2, 15; U.S. CONST. amends. V, XIV.  She further contends that the commissioner's March 2012 decision to reopen violated her rights under RSA chapter 282-A and exceeded the commissioner's authority under the chapter.  We address each argument in turn.

I.      Due Process

The petitioner argues that the commissioner's March 2012 decision to reopen the case violated her procedural and substantive due process rights.  We begin by noting that, although the petitioner refers to substantive due process, her brief addresses only procedural due process concerns.  Merely referring to substantive due process is insufficient to articulate a substantive due process argument.  See In the Matter of Stapleford & Stapleford, 156 N.H. 260, 263 (2007).  "[J]udicial review is not warranted for complaints regarding adverse rulings without developed legal argument, and neither passing reference to constitutional claims nor off-hand invocations of constitutional rights without support by legal argument or authority warrants extended consideration."  Guy v. Town of Temple, 157 N.H. 642, 658 (2008) (quotation omitted).  Accordingly, we will conduct only a procedural due process analysis.

We first address the petitioner's argument under the State Constitution, citing federal authority only to aid in our analysis.  State v. Ball, 124 N.H. 226, 231-33 (1983).  "Because this issue poses a question of constitutional law, we review it de novo."  State v. Veale, 158 N.H. 632, 636 (2009) (quotation omitted).

Part I, Article 15 of the State Constitution provides, in relevant part: "No subject shall be . . . deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land . . . ."  N.H. CONST. pt. I, art 15.  "Law of the land in this article means due process of law."  Veale, 158 N.H. at 636 (quotation omitted).  "We engage in a two-part analysis in addressing procedural due process claims: first, we determine whether the individual has an interest that entitles him or her to due process protection; and second, if such an interest exists, we determine what process is due."  Gantert v. City of Rochester, 168 N.H. 640, 647 (2016) (quotation omitted).  At its most basic level, the requirement to afford due process forbids the government from denying or thwarting claims of statutory entitlement by a procedure that is fundamentally unfair.  Appeal of Eno, 126 N.H. 650, 653 (1985); see Saviano v. Director, N.H. Div. of Motor Vehicles, 151 N.H. 315, 320 (2004) ("The ultimate standard for judging a due process claim is the notion of fundamental fairness.").  "Fundamental fairness requires that government conduct conform to the community's sense of justice, decency and fair play."  Saviano, 151 N.H. at 320.

For purposes of this appeal, we assume, as does the department, that the petitioner has a sufficient interest in the unemployment compensation benefits at issue in this case to entitle her to due process. We, therefore, proceed to the next step of the analysis; that is, what process is due. To determine what process is due, we balance three factors: (1) the private interest that is affected; (2) the risk of erroneous deprivation of that interest through the procedure used and the probable value of any additional or substitute procedural safeguards; and (3) the government's interest, including the fiscal and administrative burdens brought about by additional procedural requirements. Gantert, 168 N.H. at 647-48. "The requirements of due process are flexible and call for such procedural protections as the particular situation demands." Id. at 648 (quotation omitted).

Even assuming that the petitioner's private interest in this case is substantial, given the extensive appeal process afforded to her pursuant to RSA chapter 282-A, we conclude that the risk of erroneous deprivation of that interest is minimal. Cf. Appeal of Sch. Admin. Unit #44, 162 N.H. 79, 85 (2011) (where respondent afforded "elaborate process" under the State Board of Education administrative rules prior to her termination there was minimal risk of erroneous deprivation). RSA 282-A:165, III entitled the petitioner to appeal the department's determination that she had fraudulently obtained unemployment benefits. Pursuant to RSA 282-A:53 and :56, the petitioner was afforded a de novo hearing before the tribunal. See RSA 282-A:53 (2010) ("Appeal from a certifying officer's determination and a decision made pursuant to RSA 282-A:164 shall be to an impartial tribunal appointed by the commissioner."), :56 (2010) (providing that a de novo hearing "shall be conducted in such a manner as to ensure a fair and impartial hearing to the interested parties"). Following the tribunal's decision, the petitioner appealed to the commissioner, who reopened the case and ordered the tribunal to conduct a second de novo hearing. See RSA 282-A:60. After the decision of the second tribunal, the commissioner reopened the case upon her own initiative and ordered the tribunal to conduct a third de novo hearing. See id. At each of those hearings, the tribunal was not "bound by prior findings or determinations of the department." RSA 282-A:56. Following the third hearing, the petitioner again appealed to the commissioner to reopen the case. See RSA 282-A:60. The commissioner granted her request in part and the tribunal then reduced the petitioner's penalty period. Thereafter, the petitioner again requested that the commissioner reopen the case. When the commissioner denied her request, she appealed to the board, see RSA 282-A:64, and then to this court, RSA 282-A:67, II.

The petitioner argues that it is fundamentally unfair to allow the commissioner, on her own initiative, to reopen cases involving unemployment compensation fraud when the claimant has prevailed before the tribunal. She maintains that, because the commissioner serves as the administrator of the department which investigates and brings the fraud charges against a

claimant, the commissioner is necessarily "adverse" to the claimant. She further contends that, because the department bears the burden of proof to demonstrate that the claimant committed fraud, the commissioner serves as an "interested party" in appeals before the board and before this court. According to the petitioner, this results in the commissioner functioning as an "interested party, adverse party, appellate authority, and de facto controller of the outcome of the hearing process." She contends that this "creates a 'fundamentally unfair' process for claimants accused of unemployment fraud."

"When a single individual commingles investigative, accusative, and adjudicative functions, the mere appearance of prejudice may be sufficient to violate due process." Appeal of Trotzer, 143 N.H. 64, 68 (1998). However, the combination of investigative, accusative, and adjudicative functions does not, in and of itself, constitute a denial of due process. Appeal of Office of Consumer Advocate, 134 N.H. 651, 659 (1991); see Withrow v. Larkin, 421 U.S. 35, 52, 46-55 (1975); Burhoe v. Whaland, 116 N.H. 222, 223 (1976). We have long recognized that the legislature does not offend due process merely by assigning investigative and adjudicative functions to the same administrative body. Appeal of Trotzer, 143 N.H. at 68. Where investigative, accusative, and adjudicative functions are commingled within a single administrative agency, a party alleging a due process violation must show actual bias in order to prevail. Id. Without such a showing, administrative officials who serve in an adjudicatory capacity are assumed "to be of conscience and capable of reaching a just and fair result." Appeal of Office of Consumer Advocate, 134 N.H. at 660 (quotation omitted). The party alleging bias has the burden of presenting sufficient evidence to rebut the presumption. Appeal of Trotzer, 143 N.H. at 68.

The petitioner has presented no evidence of any actual bias on the part of the commissioner. Rather, the petitioner maintains that she need not demonstrate bias because the commissioner commingled investigative, accusative, and adjudicative functions when she unilaterally reopened the case after the petitioner prevailed before the tribunal. The petitioner's argument, however, equates the functions of the entire department with those of the commissioner. Here, as in all unemployment compensation appeals, the commissioner served solely as the "second level of appeal." RSA 282-A:60. Although the investigator in this case worked for the department, which is administered by the commissioner, RSA 282-A:112, I (2010) (amended 2015), there is no evidence to suggest that the commissioner conducted the investigation. Nor is there evidence, and the petitioner does not allege, that the commissioner participated in the third tribunal hearing following the March 2012 decision to reopen. Cf. Burhoe, 116 N.H. at 223-24 (determining that insurance department hearing officer violated plaintiff's due process rights by rigorously cross-examining plaintiff and his employee, seeking to discredit their testimony and to secure admissions of wrongdoing, and then deciding case and issuing an order, and thereafter affirming his order upon plaintiff's rehearing

request).  Due process is not offended by the fact that multiple functions are assigned to the same administrative body.  See Appeal of Office of Consumer Advocate, 134 N.H. at 659.

Contrary to the petitioner's contention, the commissioner is not given unfettered authority to reopen a case.  Nor is the commissioner a "de facto decision maker" in appeals involving unemployment compensation fraud.  The commissioner is given the limited authority to reopen "on the basis of fraud, mistake, or newly discovered evidence."  RSA 282-A:60.  The commissioner does not make the determination regarding whether the department has proven that a claimant committed unemployment compensation fraud — that decision is for the tribunal.  See RSA 282-A:53, :58 (2010), :60.

The petitioner maintains that, in the March 2012 reopening letter, the commissioner provided "detailed written instructions to the new [tribunal] hearing officer . . . on how to conduct the third de novo hearing."  She suggests that, by doing so, the commissioner controlled the appeals process and the third de novo hearing and that this rendered the process "'fundamentally unfair.'"  We disagree.  In the letter directed to the petitioner's counsel, the commissioner explained that she was reopening the case because it was "a mistake [for the tribunal] to not allow [a certain witness] to testify."  The commissioner then stated that, because "it is necessary to reopen," she "want[ed] to provide additional guidance for the next hearing."  The commissioner went on to comment on certain evidence submitted by the petitioner at the prior hearing related to findings the tribunal made in its January 2012 decision.  The commissioner concluded the letter by ordering the tribunal to conduct a de novo hearing.  See Town of Hinsdale v. Town of Chesterfield, 153 N.H. 70, 73 (2005) ("De novo review means that the reviewing [authority] decides the matter anew, neither restricted by nor deferring to decisions made below.").

Under RSA 282-A:56, "although the records of said department shall be part of the evidence to be considered by the tribunal," the tribunal "shall not be bound by prior findings or determinations of the department."  RSA 282-A:56.  The petitioner has not demonstrated that the tribunal did not, in fact, conduct a de novo hearing.  At the third hearing, the hearing tribunal chairman explained that the hearing would be de novo and that the tribunal was "not bound by any previous decisions."  Although the chairman acknowledged that he read the reopening letter which contained "certain instructions," he then stated: "[T]hat being said . . . I do take my position very seriously and I do take the fact that I have judicial independence from the department very seriously and that is how I will be conducting this hearing."  Thus, regardless of the propriety of the commissioner's comments in the reopening letter, we cannot conclude that those comments rendered the procedure in this case fundamentally unfair.

Relying upon unemployment compensation statutes from other jurisdictions, the petitioner contends that the commissioner's "control of hearings and appeals in fraud cases is contrary to the commissioner's role" in those jurisdictions. (Capitalization and bolding omitted.) Our task here, however, is to examine whether there is a substantial risk of erroneous deprivation of the petitioner's interest under our unemployment compensation statute; the unemployment statutory schemes of other states do not control our analysis. Moreover, the petitioner's argument is based upon the faulty premise that the commissioner "controlled all aspects of the fraud case." As we have explained above, the commissioner served as the second level of appeal pursuant to her statutory authority under RSA 282-A:60.

We hold that the statutory procedure authorizing the commissioner to reopen a case involving unemployment compensation fraud on her own initiative, regardless of whether the claimant has prevailed before the tribunal, adequately ensures that the process of reviewing tribunal decisions is fundamentally fair. The appeal procedures under RSA chapter 282-A "as a whole would appear designed to minimize inaccuracies and to assure quality and fairness in adjudication." Petition of Kilton, 156 N.H. 632, 645 (2007) (quotation omitted).

The petitioner further argues that the commissioner's role violates the guidelines in a United States Department of Labor handbook appended to the department's brief to this court in Mullen I. The appended document, entitled "Handbook for Measuring Unemployment Insurance Lower Authority Appeals Quality," states, in relevant part: "The appeal hearing must be fair both in form and substance. In addition, the hearing must appear fair both to the participants and to any casual observer. A hearing that is technically fair, but gives the appearance of unfairness, is unfair in practical effect." (Capitalization omitted.) The petitioner contends that "[r]eopening and ordering the third [tribunal] hearing was not fair to" her. She further claims, without explanation, that her third hearing "was not fair in either form or substance." Assuming, without deciding, that the cited document applies here, it appears, based upon the portions of the handbook provided to us, that the word "fair" as used in the handbook is derived from "traditional concepts of what constitutes due process." Because we hold that the procedure in this case was fundamentally fair in accordance with due process principles, we find no violation of the guidelines in the appended document.

Next, we turn to the third prong of the due process analysis and examine the government's interest. See Gantert, 168 N.H. at 648. Allowing the commissioner to reopen cases, regardless of whether the claimant has prevailed before the tribunal, supports the government's strong interest in the integrity and accuracy of administrative hearings. See Appeal of Sch. Admin. Unit #44, 162 N.H. at 86.

8

In balancing the three factors, we conclude that, given the petitioner's assumed property interest, the low risk of an erroneous deprivation of that interest, and the government's interest in ensuring an accurate proceeding, due process is not violated by allowing the commissioner, on her own initiative, to reopen cases involving unemployment compensation fraud in which the claimant has prevailed before the tribunal. If alternative procedures are to be provided, "it is for the Legislature to say so, for constitutional due process does not command it." Petition of Kilton, 156 N.H. at 645 (quotation omitted).

The Federal Constitution offers the petitioner no greater protection than does the State Constitution under these circumstances. See Withrow, 421 U.S. at 52; Appeal of Sch. Admin. Unit #44, 162 N.H. at 90. We, therefore, reach the same result under the Federal Constitution as we do under the State Constitution.

II.     RSA chapter 282-A

The petitioner next argues that the commissioner's March 2012 decision to reopen the case under RSA 282-A:60 violated her rights under RSA chapter 282-A and exceeded the commissioner's authority under the chapter. Resolution of these arguments requires that we interpret the relevant statutory provisions of RSA chapter 282-A.

> Statutory interpretation is a question of law that we review de novo. We are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. In interpreting a statute, we first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Unless we find that the statutory language is ambiguous, we need not look to legislative intent. Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation.

Appeal of Niadni, Inc., 166 N.H. at 260 (quotation omitted).

RSA 282-A:60 provides that the "second level of appeal" in unemployment compensation appeals "shall be to the commissioner." "The commissioner may, upon written request of an interested party or upon his own initiative, in any case in which a decision has been rendered, reopen the case on the basis of fraud, mistake, or newly discovered evidence." RSA 282-A:60. "Any party aggrieved by a decision of the appeal tribunal may appeal." RSA 282-A:66, I (2010). RSA 282-A:64 provides that the board shall hear appeals from "decisions of the appeal tribunal or final decisions of the commissioner under RSA 282-A:95." "The parties to such appeal shall be the claimant, all interested parties as defined in this chapter, and the commissioner." RSA 282-A:66, I. "An interested party who has exhausted all

9

administrative remedies within the department and who is aggrieved by a final decision of the . . . tribunal as reversed, modified, or affirmed by the . . . board . . . may appeal that decision to the supreme court . . . ."  RSA 268-A:67, II.

The petitioner argues that, although RSA 282-A:60 permits the commissioner to reopen a case upon her own initiative, to interpret the statute as allowing the commissioner to do so in cases involving unemployment fraud when the claimant has prevailed leads to an absurd and unjust result because the commissioner, "as the 'interested party' and the adverse party with the burden of proof, can reopen a fully litigated administrative fraud hearing an unlimited number of times, while simultaneously thwarting the claimant's right to appeal to any higher appellate authority."  She maintains that "the most reasonable way to interpret RSA 282-A:60 [together with] RSA 282-A:64, RSA 282-A:66 and RSA 282-A:67 . . . is to conclude that in a fraud case," where the commissioner plays "a multiplicity of roles and bears the burden of proof, she may not unilaterally reopen and reverse the [tribunal] decision in favor of the claimant."  Rather, she suggests that the commissioner must appeal the tribunal decision to the board.  This argument, however, is based upon the same mistaken premise as is her argument regarding due process.  The commissioner's role under RSA 282-A:60 does not encompass the multiple functions alleged by the petitioner.

Under RSA 282-A:60, the commissioner is not an "interested party."  As we explained, the commissioner serves as the second level of review in all unemployment compensation appeal cases.  RSA 282-A:60.  Nothing in the statute limits the commissioner's authority to reopen only cases that are decided unfavorably to claimants, nor gives the commissioner unfettered authority to repeatedly reopen a case because the commissioner merely disagrees with the tribunal decision.  The plain language of the statute permits the commissioner "upon written request of an interested party or upon his own initiative, in any case in which a decision has been rendered, [to] reopen the case on the basis of fraud, mistake, or newly discovered evidence."  RSA 282-A:60 (emphasis added).  If the commissioner decides to reopen on the limited basis of fraud, mistake, or newly discovered evidence, the case returns to the tribunal for either a de novo hearing or "the introduction of evidence or argument relative to and concerning the factors which constitute the basis or ground for the reopening."  RSA 282-A:61.  If the commissioner declines a party's request to reopen, the party may appeal the tribunal's decision to the board.  RSA 282-A:64.  We are not persuaded that this process leads to an absurd result.  Rather, we agree with the department that the commissioner's "adjudicatory role, as expressly permitted by [RSA 282-A:60] . . . streamlines review and enables correction of errors earlier in the process."  Accordingly, we conclude that when the commissioner reopened the March 2012 decision, she did not exceed her authority or violate the petitioner's rights under RSA chapter 282-A.

Finally, to the extent that the petitioner raised issues for the first time at oral argument, we decline to address them.  See State v. Mitchell, 166 N.H. 288, 292 (2014) (declining to address argument made at oral argument that was not briefed).

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and BASSETT, JJ., concurred.