# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0009, <u>Appeal of Aaron Geller, M.D.</u>, the court on December 20, 2019, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Aaron Geller, appeals a decision of the New Hampshire Board of Medicine (board) reprimanding him based upon its finding that he had "displayed medical practice incompatible with the competence of someone practicing pain management" and had violated the Medical Practice Act. He contends that: (1) all of the board's 11 specific findings of misconduct are not supported by the evidence; (2) the board erred by limiting the evidentiary hearing to two and a half days; (3) the hearing counsel's expert's report was not disclosed; (4) the hearing counsel's expert had a conflict of interest; and (5) the "lengthy process belies discipline" (capitalization and bolding omitted).

RSA chapter 541 governs our review of the board's decision. RSA 329:17, VIII (2017); <u>see</u> <u>Appeal of Rowan</u>, 142 N.H. 67, 70 (1997). We will not set aside the decision except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. RSA 541:13 (2007); <u>Appeal of Dell</u>, 140 N.H. 484, 487-88 (1995). The respondent, as the party seeking to set aside the decision, had the burden of proof. RSA 541:13.

The board's findings of fact are presumed <u>prima</u> <u>facie</u> lawful and reasonable. <u>Id</u>.; <u>Dell</u>, 140 N.H. at 497. In reviewing the board's findings, our task is not to determine whether we would have found differently or to reweigh the evidence, but rather to determine whether the findings are supported by competent evidence in the record. <u>Dell</u>, 140 N.H. at 498. When faced with conflicting testimony from medical experts, the board may resolve such conflicts by using its own expertise and technical judgment. <u>See id</u>. at 496; <u>Appeal of Gamas</u>, 138 N.H. 487, 490-91 (1994). We review the board's rulings on issues of law <u>de</u> <u>novo</u>. <u>See</u> <u>In the Matter of Bloomfield</u>, 166 N.H. 475, 478 (2014).

We first address the respondent's argument that the board's 11 specific findings of misconduct are not supported by the evidence. We review sufficiency of the evidence claims as a matter of law, viewing the evidence in the light most favorable to the party that prevailed at the evidentiary level. <u>See</u> <u>In re Omega Entm't</u>, 156 N.H. 282, 297 (2007). We accord considerable weight to the board's judgments on the credibility of witnesses and the weight to be given evidence. <u>See id</u>.

As the appealing party, the respondent has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the board's well-reasoned final decision and order, the relevant law, and the record submitted on appeal, we conclude that the respondent has not demonstrated reversible error regarding any of the board's 11 specific findings of misconduct. See id.

We next address whether the board erred by limiting the evidentiary hearing to two and a half days. The board contends that this issue is not preserved for our review because the respondent failed to raise it until his motion for rehearing. See Appeal of Alexander, 163 N.H. 397, 406 (2012) (stating that issue raised for first time in motion for rehearing not preserved for appellate review). The record reflects that the respondent's counsel did not object to the board's amended procedural order, issued more than two weeks prior to the final two days of the hearing, that stated that "[n]o further dates will be scheduled" and "instructed [the parties] to discuss how to best utilize the remaining 16 hours of allocated hearing time." Nor did the respondent's counsel express a need for additional time at the start of either of the last two days of hearing or at the end of the first day.

At the end of the final day of the hearing, following completion of his redirect examination of the respondent, the respondent's counsel stated, "That's all I have." He did not request additional hearing time; furthermore, he waived closing argument and the option of submitting a post-hearing memorandum. The respondent failed to complain about the length of the hearing until more than18 months later, after the board issued its decision when it could no longer correct its alleged error. See State v. Blackmer, 149 N.H. 47, 48 (2003) (stating trial forums should have opportunity to rule on issues and to correct errors before they are presented to appellate court).

The respondent argues that he preserved this issue at a prehearing conference, approximately two months before the board's amended procedural order, when his counsel verbally estimated that the hearing would be "at least probably a week long." On this record, we conclude that this single statement was inadequate to preserve this issue for our review. See Appeal of Trotzer, 143 N.H. 64, 70 (1998) (stating respondent failed to preserve evidentiary issue he raised in prehearing motion, but did not again address).

Similarly, we conclude that the respondent waived any objection to the disclosure of the hearing counsel's expert's opinion. The expert's opinion was incorporated into the hearing counsel's report of investigation, which the respondent received. At a prehearing conference, when the board asked if any discovery issues remained, the respondent's counsel requested that the expert attest that the report of investigation reflected his opinions and that he was prepared to testify to them. The board represents, and the respondent does not contest, that the expert provided this affidavit. On this record, we conclude that

2

the respondent waived any argument that the hearing counsel's expert's report was not properly disclosed to him.  Cf. State v. Labrie, 171 N.H. 475, 487-88 (2018) (stating defendant waived argument when failed to make it during trial).

We next address whether the hearing counsel's expert had a conflict of interest.  We assume, without deciding, that this issue is preserved.  The respondent contends that, because the expert was appointed to the board's medical review subcommittee, "he was a member of the medical-regulatory system, and therefore had an interest in the prosecution against" the respondent.  The respondent asserts that this resulted in the expert "commingl[ing] investigative, accusative, and adjudicative functions."  Trotzer, 143 N.H. at 68.

In this case, the hearing counsel's expert did not commingle investigative, accusative, and adjudicative functions.  Even assuming he had an investigative and accusative role, there is no evidence to suggest that he had an adjudicative role.  The respondent does not allege that the expert deliberated or voted with the board in reaching its ultimate disposition regarding the respondent's conduct.  See id. at 69 (stating recused board member did not commingle investigative, accusative, and adjudicative functions because no evidence she deliberated or voted with board); see also Appeal of Mullen, 169 N.H. 392, 399-400 (2016) (concluding agency commissioner did not have adjudicative function despite ability to order de novo adjudicatory hearing in certain circumstances; commissioner "does not make the determination regarding whether the department has proven" its case).  Thus, to prevail in his conflict of interest claim, the respondent must demonstrate the expert's actual bias, Trotzer, 143 N.H. at 68; see also Mullen, 169 N.H. at 399, which he has failed to do.

Finally, we address the respondent's contention that the "lengthy process belies discipline" (capitalization and bolding omitted).  We assume, without deciding, that this issue is preserved.  The initial patient complaint in this matter was filed in 2012.  The board completed its evidentiary hearing in January 2017, but did not issue its decision until October 2018.  The respondent argues that changes in rules and in his practice over this period make any concern regarding his "competence or conduct . . . nonsensical."

However, the board is obligated to investigate any matter within the scope of RSA chapter 329 and undertake disciplinary proceedings against those licensed to practice medicine in New Hampshire.  Rowan, 142 N.H. at 75; RSA 329:2, II(b), (c) (2017).  It may even discipline those who no longer hold, but formerly held, such licenses.  Rowan, 142 N.H. at 75.  The respondent does not allege that he was prejudiced by the board's delay in issuing its decision.  See Alexander, 163 N.H. at 406 (declining to vacate board decision issued after

3

statutory deadline for decision had expired, when employee failed to show prejudice).

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
